■ DONALD LIVERPOOL, as Administrator of the Estate of ANNIE LIVERPOOL, Deceased, Respondent, v AVERNE HOUSES, INC., et al., Defendants, and HERBERT FISCH, Appellant.—In an

action to recover damages for wrongful death, defendant Dr. Herbert Fisch appeals from an order of the Supreme Court, Queens County (Buschmann, J.), dated April 4, 1984, which denied his motion for an order dismissing the action as against him on the ground that the action was barred by the Statute of Limitations.

Order reversed, on the law and the facts, with costs, motion granted, action dismissed as to Dr. Fisch, and action as against the remaining defendants severed.

On July 12, 1979, plaintiff's decedent died while receiving treatment at defendant Peninsula Hospital Center. Plaintiff timely commenced suit against the hospital and against Drs. Mordechai Schwartz and Morton Jaffee. After the applicable Statute of Limitations had expired, plaintiff, by way of a second amended verified complaint, sought to add Dr. Herbert Fisch as a party defendant, claiming that service upon Dr. Fisch related back to the time of service upon the original named defendants.

In *Brock v Bua* (83 AD2d 61, 69), this court held that a claim asserted against a third party will relate back to the date upon which a plaintiff's claim was previously interposed under the following circumstances: "(1) both claims [must arise] out of the same conduct, transaction or occurrence * * * (2) the new party [must be] 'united in interest' with the original defendant * * * [so that] he [may] be charged with such notice of the institution of the action [and] * * * will not be prejudiced in maintaining his defense on the merits * * * and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well".

An examination of the record reveals that Dr. Fisch's name appears in three separate places in the patient progress reports regarding plaintiff's decedent, indicating that he was among the physicians who had seen the patient in the hospital prior to her death. Since plaintiff does not contend that these progress reports were unavailable to him during his investigation of the action, he cannot claim that his failure to bring timely suit against this physician was due to an excusable mistake *(see, Brock v Bua, supra,* at p 69). In light of plaintiff's failure to meet the third prong of the *Brock* test, Dr. Fisch's motion to dismiss should have been granted and the action dismissed as to him.

In view of our disposition, we need not consider whether

plaintiff met his burden of establishing the first two prongs of the *Brock* test. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.