■ ALBERT FRACCOLA et al., Plaintiffs, v CITY OF UTICA BOARD OF WATER SUPPLY, Defendant. (Action No. 1.) ALBERT

FRACCOLA et al., Appellants, v FRED ALSANTE et al., Respondents. (Action No. 2.)—Order unanimously affirmed with costs. Memorandum: The court properly dismissed plaintiffs' complaint for failure to comply with the applicable Statute of Limitations. The sole cause of action asserted in the complaint alleges that the individual defendants, "by adopting the resolution of February 10, 1978, violated Section 42 of the Transportaion [sic] Law". Presumably, plaintiffs were referring to section 42 of the Transportation Corporations Law which deals with the duty of a water works corporation to supply water. An action to recover upon a liability created or imposed by statute must be commenced within three years (CPLR 214 [2]). Plaintiffs' action was time barred under that Statute of Limitations. On this appeal, plaintiffs argue that timely service of a summons and complaint in a related action against the Water Board of which these individual defendants are members was sufficient to toll the Statute of Limitations in this action because these defendants are "united in interest" under CPLR 203 (b). We conclude that the "united in interest" rule should not be applied in the circumstances of this case to toll the Statute of Limitations with respect to individual Board members who were not named as party defendants in the prior action. Plaintiffs have failed to demonstrate that their failure at the outset to join the individual Board members was not due to their own inexcusable neglect (see, Liverpool v Averne Houses, 114 AD2d 840, 841, affd 67 NY2d 878; Pfenning v Agri Business Brokerage Corp., 124 AD2d 1013, 1015; Brock v Bua, 83 AD2d 61, 69). (Appeal from order of Supreme Court, Oneida County, Tenney, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.