■ RONALD D'ORSO, Individually and as Administrator of the Estate of VINCENT G. D'ORSO, Deceased, Appellant, v MARK S. SHAFFER, Respondent.—In an action to recover damages for personal injuries based upon medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated April 28, 1988, which denied his motion for leave to serve an amended complaint adding Alan Antonelli as defendant.

Ordered that the order is affirmed, with one bill of costs, to the respondent and to nonparty Alan Antonelli.

The plaintiff commenced this action solely against the defendant Mark S. Shaffer, M.D., based on his alleged negligence in failing to properly diagnose a cancerous condition suffered by the decedent Vincent G. D'Orso during a period of 15 months of treatment between April 1982 and May 1983. The decedent died on August 5, 1983. At the examination before trial of the defendant conducted on February 25, 1987, he

testified that the decedent was actually treated by Alan Antonelli, M.D. On or about March 20, 1987, the plaintiff commenced a second action against Dr. Antonelli for wrongful death based upon his alleged medical malpractice. Dr. Antonelli moved to dismiss that action based upon the defense of the Statute of Limitations, which motion was granted. Although the plaintiff appealed from that order, by decision and order dated January 26, 1988, this court granted Antonelli's motion to dismiss the appeal, without opposition.

On January 4, 1988, the plaintiff moved to add Dr. Antonelli to the present action and for leave to serve an amended summons and complaint pursuant to CPLR 203 (e), contending that his claim against Antonelli related back to the transaction or occurrence described in the original complaint. The court denied his motion on the ground that it could not "overrule the determination of a justice of coordinate jurisdiction * * * dismissing plaintiff's action against Alan Antonelli, M.D., on the ground of Statute of Limitations". We affirm on other grounds.

The plaintiff has failed to prove that the "relation back" doctrine is applicable in this case. He has not shown that the original defendant, Dr. Shaffer, was the employer of the proposed additional defendant, Dr. Antonelli, so that the two defendants are united in interest. At most, the evidence indicates that Dr. Antonelli treated certain patients for Dr. Shaffer at the latter's office. In *Kavanaugh v Nussbaum* (71 NY2d 535, 542) the Court of Appeals recently held that "[a] physician who designates another doctor to 'cover' for him * * * is not liable for the covering doctor's own negligence in treating the regular physician's patient". Thus, vicarious liability does not exist where one physician simply covers for another *(see, Kavanaugh v Nussbaum, supra, at 542).*

The plaintiff has also failed to establish that the proposed additional defendant knew or should have known that this action would be brought against him but for the plaintiff's excusable mistake as to the identity of the proper parties *(see, Brock v Bua, 83 AD2d 61).* The proposed additional defendant, Dr. Antonelli, denies knowledge of this action prior to the date a summons and complaint were served upon him in connection with the plaintiff's separate action against him, which was subsequently dismissed as time barred. Furthermore, not only is there insufficient evidence of excusable mistake for the failure to timely serve Dr. Antonelli, but there is evidence that the plaintiff did not diligently attempt to ascertain the true identity of the treating physician. On

January 3, 1984, the defendant Dr. Shaffer wrote to the plaintiff's counsel advising them that the decedent was never treated by him in April 1982. In addition, the plaintiff's attorney was given copies of the defendant Dr. Shaffer's medical records in April 1985, which should have alerted him to the possibility that the defendant Shaffer may not have been the correct treating physician. Moreover, the plaintiff did not request an examination before trial of the defendant Shaffer until after the expiration of the Statute of Limitations.

Accordingly, the plaintiff's motion for leave to serve an amended summons and complaint so as to add Dr. Antonelli as a party defendant was properly denied. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.