JACQUELINE LAMB, Appellant, v PRIME COMPUTER, INC., Respondent.—Levine, J.

Plaintiff was injured on September 10, 1985 in an automobile accident in which her vehicle was allegedly struck by a vehicle owned and operated by Michael Tillson. In November 1986, plaintiff commenced a personal injury action against Tillson. Tillson was deposed by plaintiff on January 8, 1988 and revealed for the first time during the questioning that he was acting within the course of his employment with defendant, Prime Computer, Inc., when the accident occurred. Plaintiff brought the instant action against Prime Computer based upon the negligence of its employee, Tillson, by service of a summons and complaint on October 8, 1988. In its answer, Prime Computer asserted the defense of the Statute of Limitations, the action having been commenced approximately one month after the third anniversary of the accident out of which it arose. Plaintiff moved to dismiss the Statute of Limitations defense on the ground that Tillson and Prime Computer were united in interest and, therefore, the earlier commencement of suit against Tillson stopped the running of the Statute of Limitations on her claim against Prime Com-

puter. Prime Computer cross-moved for summary judgment dismissing the complaint as time barred. In her reply affidavit, plaintiff sought leave to amend her complaint against Tillson to add Prime Computer as a party defendant. Plaintiff appeals from Supreme Court's order denying her motions and granting Prime Computer's cross motion.

There should be an affirmance. In *Brock v Bua* (83 AD2d 61), it was held that to avoid dismissal of a cause of action against a defendant added to a timely commenced lawsuit *after* the applicable period of limitations has run, the interposition of the claim against the new defendant must "relate back" to the date the claim asserted against the original defendant was interposed. In identifying the elements necessary to establish such relation back, the court expressly adopted the three-fold requirements of Federal Rules of Civil Procedure, rule 15 (c), i.e., that (1) both claims arose out of the same conduct, transaction or occurrence, (2) the original defendant and the new defendant are united in interest, so that the latter can be charged with such notice of the commencement of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) the defendant knew, or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well *(supra,* at 68-69).

As explained by the court in *Brock v Bua (supra),* the three elements for relation back balance the respective interests of a plaintiff and the newly added defendant in light of the underlying purpose of the Statute of Limitations to put stale claims to repose, thereby freeing a potential defendant from the fear that involvement in the events of the distant past may be the subject of litigation against him *(supra,* at 68-70). If all elements for relation back are satisfied, the later added defendant will have been fully alerted to the potential claim so as to be able to participate with the original defendant in timely preparation of a defense. On the other hand, the relation back requirements do not protect a plaintiff who knows the actual identities of all potential defendants and who chooses not to bring timely suit against some of them, apparently for tactical reasons. "Where the identity of potential defendants who are united in interest is known to the plaintiff he must treat them equally *by bringing timely suit against them all,* thereby enabling them to co-operate in the investigation of his claim and the preparation of their joint defense. A contrary rule would permit a plaintiff to deny the defendant the benefits of concerted action early in the case by

bringing suit only against the defendant who, for financial or other reasons, would be least likely to conduct an in-depth investigation of the claim and then to join the other defendant or defendants at a later date when the passage of time had reduced the availability of evidence" *(supra,* at 69-70 [emphasis supplied]). When an action could have been timely commenced against a known potential defendant, that party's interest in having a stale claim put to repose outweighs any competing equities in favor of the plaintiff, and barring a belated interposition of the claim also promotes judicial economy by preventing piecemeal litigation *(supra,* at 70-71).

Here, under the foregoing criteria set forth in *Brock v Bua (supra),* Supreme Court correctly dismissed the action against Prime Computer because plaintiff became fully aware of her potential claim against that defendant some nine months before the period of limitations expired. A party such as plaintiff who had more than a reasonable opportunity to bring suit against a known defendant within the period of limitations is not entitled to the protection of the relation back doctrine.

We are unpersuaded by plaintiff's argument that this court's decision in *Virelli v Goodson-Todman Enters.* (142 AD2d 479) requires a contrary result. Relying on the United States Supreme Court's interpretation of Federal Rules of Civil Procedure, rule 15 (c), in *Schiavone v Fortune* (477 US 21), we relaxed the third element of the relation back doctrine in only one respect, i.e., that the plaintiff's mistake as to the identity of proper parties must be *excusable (Virelli v Goodson-Todman Enters., supra,* at 483-484). Here, however, there was no mistake by plaintiff, excusable or otherwise, which prevented timely commencement of the action against Prime Computer. Prime Computer, knowing that its identity as a potential defendant had been revealed to plaintiff nine months earlier, was entitled to expect that any claim against it had been put to rest by the Statute of Limitations.

Dismissal of plaintiff's cause of action against Prime Computer as time barred is consistent with decisions of the Federal courts, subsequent to *Schiavone v Fortune (supra),* in applying Federal Rules of Civil Procedure, rule 15 (c), to similar facts *(see, Kilkenny v Arco Mar.,* 800 F2d 853, 857-858, *cert denied sub nom. Kilkenny v Atlantic Richfield Co.,* 480 US 934; *In re Rexplore, Inc. Sec. Litig.,* 685 F Supp 1132, 1145; *Bower v Bunker Hill Co.,* 675 F Supp 1254, 1257-1258; *Keller v United States,* 667 F Supp 1351, 1361; *Potts v Allis-Chalmers Corp.,* 118 FRD 597).

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.