■ HOOSAC VALLEY FARMERS EXCHANGE, INC., Appellant, v AG ASSETS, INC., Formerly AGRICULTURAL ASSETS MANAGEMENT COMPANY, INC., et al., Defendants, and FRED ADLER, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 17, 1990 in Washington County, which granted defendant Fred Adler's motion to dismiss the complaint against him as barred by the Statute of Limitations.

In March 1982, plaintiff secured a judgment against Roy Everts in the amount of $73,965.80, which represented the amount due and owing for goods and farming materials Everts had purchased on credit from plaintiff. Plaintiff allegedly sold the goods to Everts in the belief that Everts was using the goods to feed and care for cattle that he owned. Thereafter, in August 1982, plaintiff contends that he learned that the cattle raised and maintained by Everts were owned by defendant AG Assets, Inc. and/or its investors, and not by Everts himself. Plaintiff then commenced this action against AG Assets, Inc. on January 5, 1983 seeking to recover for the goods delivered to Everts. More than four years later, in March 1987, plaintiff prepared a supplemental summons and complaint naming as additional defendants in the suit certain investors in AG Assets, Inc., including defendant Fred Adler. Adler was not served by plaintiff until August 17, 1989. Rather than answer the complaint, Adler moved to dismiss the action against himself, alleging the Statute of Limitations as a complete defense. Supreme Court granted the motion and plaintiff appeals.

The sole question to be determined on this appeal is

whether plaintiff's claims against Adler were interposed as of January 5, 1983, the date the original summons was served upon AG Assets, Inc., or upon August 17, 1989, when Adler was actually served. In the event it is determined that Supreme Court correctly determined that the latter date applies, plaintiff concedes in his brief that the action against Adler is time barred. Nonetheless, plaintiff claims that AG Assets, Inc. was Adler's agent and, therefore, the two were so "united in interest" that the claim against Adler should relate back to the date the claim was originally interposed against AG Assets, Inc. in accordance with CPLR 203 (b). We cannot agree with this assertion.

When a party moves pursuant to CPLR 3211 (a) (5) for a judgment dismissing a claim on the ground that it is barred by the Statute of Limitations, it is that party's burden initially to establish the affirmative defense by prima facie proof that the Statute of Limitations had elapsed *(see, Doyon v Bascom,* 38 AD2d 645, 645-646). This burden does not include an obligation on the moving party's part to negate any or all exceptions that might apply to the statutory period *(supra,* at 646). Instead, the burden shifts to the party opposing the motion to aver evidentiary facts establishing that the case at hand falls within such exceptions *(supra; see, Waters of Saratoga Springs v State of New York,* 116 AD2d 875, 878, *affd* 68 NY2d 777). The proof attached to Adler's moving papers in the instant case sufficiently established that Adler was served with process over seven years after plaintiff's causes of action accrued. Since plaintiff's causes of action basically alleging, among other things, fraud and/or breach of contract had to be commenced at least within six years of their accrual *(see,* CPLR 213), a prima facie defense was presented and the burden shifted to plaintiff to rebut this presumption by establishing the applicability of CPLR 203 (b).

In order to establish the applicability of the "relation back doctrine", plaintiff must prove that (1) both the claim asserted against the new party and the claim previously imposed against the original named defendant "arose out of the same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant and, by reason of that relationship, he can be charged with such notice of the commencement of the action that he will not be prejudiced in maintaining a defense on the merits, and (3) the new party knew or should have known that, but for a * * * mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well" *(Town of*

*Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829, 832; *see, Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 483).

Here, although plaintiff's motion papers arguably establish the first element of this test, they patently fail to satisfactorily establish the latter two elements. For instance, although plaintiff conclusorily asserts that AG Assets, Inc. was Adler's "agent", no proof of an evidentiary nature was proferred to substantiate this allegation. Moreover, there is no showing of any mistake on the part of plaintiff which prevented the timely commencement of an action against Adler *(see, Lamb v Prime Computer,* 158 AD2d 798, 800). Along these lines, it is significant to note that Adler was served 2½ years after the date of the supplemental complaint at the very same address listed on the supplemental complaint, a factor which hardly supports plaintiff's claim that he used "due diligence" in attempting to serve Adler. As it stands, the evidence gives every indication that plaintiff commenced his action and then decided to shop for additional defendants at a later date. Since this is hardly the situation contemplated by CPLR 203 (b) *(see, Lamb v Prime Computer, supra),* Supreme Court correctly dismissed the complaint against Adler.

Order affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.