■ WALTER D. KACZMAREK et al., as Administrators of the Estate of MICHELE J. KACZMAREK, Deceased, Respondents, v BENEDICTINE HOSPITAL et al., Defendants. (Action No. 1.) KYLE J. STOKES et al., Infants, by WALTER D. KACZMAREK et al., Their Guardians ad Litem, et al., Plaintiffs, v BENEDICTINE HOSPITAL et al., Defendants, and MANHAR KAYASTHA et al., Appellants. (Action No. 2.)—Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Harris, J.), entered July 27, 1990 in Ulster County, which granted plaintiffs' motion in action No. 1 for leave to serve an amended complaint adding defendants Manhar Kayastha and Nirmal K. Parikh in action No. 2 as defendants in action No. 1.

On July 25, 1986, Michele Jo Kaczmarek died while being treated at defendant Benedictine Hospital in the City of Kingston, Ulster County. Early in 1988, her parents, plaintiffs in action No. 1, commenced that action against, among others, the hospital for both wrongful death and conscious pain and suffering. Although their August 1988 motion to amend the complaint in action No. 1 to add Manhar Kayastha and Nirmal K. Parikh (defendants in action No. 2)* as defendants in action No. 1 (hereinafter defendants) was denied without prejudice, their later motion, the one at issue here, was granted and an order was entered in July 1990. Defendants appeal that determination insofar as it permits plaintiffs to add them as defendants in action No. 1.

At issue is who must carry the burden of proving whether the amended complaint against defendants relates back to the complaint against the hospital, so that it is deemed to have been interposed at the time of service of the initial complaint for the purpose of tolling the Statute of Limitations on plaintiffs' wrongful death claim (see, CPLR 203 [b]). In granting plaintiffs' motion to add defendants as parties to action No. 1, Supreme Court observed that "there is no need for plaintiffs to allege specific facts in their complaint stating the basis for the vicarious liability of the * * * hospital" and that defendants failed "to offer any affirmative proof as to their relationship with [the hospital]". We disagree.

Preliminarily, we note that plaintiffs' designating unknown medical doctors as John Doe defendants 1, 2, and 3 in their

---

* Action No. 2 alleges similar causes of action as to those in action No. 1. A motion is apparently pending in that action and raises the issue that action No. 2 may be time barred.

original complaint in action No. 1 did not toll the running of the Statute of Limitations *(see, Green v County of Fulton,* 123 AD2d 88, 90; *see also,* McLaughlin, 1987 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1024:1 [1989 Pocket Part], at 53).

Regarding the merits, we hold the view that although defendants had the initial burden of establishing by prima facie proof that the wrongful death claim against them was time barred, plaintiffs bore the onus of submitting evidentiary facts establishing that the case falls within an exception, here the relation back doctrine, to the applicable Statute of Limitations *(see, Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 823; *see also, D'Orso v Shaffer,* 155 AD2d 508, 509).

As defendants' moving papers show and plaintiffs concede, plaintiffs amended their complaint to add defendants one month after the two-year Statute of Limitations for wrongful death had run *(see,* EPTL 5-4.1). Hence, the burden shifted to plaintiffs to establish the applicability of the relation back doctrine *(see, Hoosac Val. Farmers Exch. v AG Assets, supra,* at 823). This required them to prove (1) that the claim against defendants arose from the same transaction, (2) that defendants were united in interest with the hospital (the original defendant) and that by reason of that relationship it can be inferred that they had notice of the commencement of the action, and (3) that actual notice to defendants was achieved within the limitations period *(see, supra,* at 823-824).

We need not address the first and third prongs of this test because plaintiffs' motion papers clearly failed to demonstrate the second prong, unity of interest *(see, Berg v Mather Mem. Hosp.,* 131 AD2d 618, 619). "[C]o-defendants are united in interest for purposes of [CPLR 203] only when one defendant is responsible for the acts or omissions of the other" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:3, at 147). Apropos of the case at hand, the Court of Appeals has instructed that "[f]or a hospital to be vicariously liable for the negligence of a physician, ordinarily an employment relationship, rather than mere affiliation, is required" *(Raschel v Rish,* 69 NY2d 694, 697). Plaintiffs' counsel's conclusory description of defendants as "hospital employees" in his affirmation in support of plaintiffs' motion does not constitute evidentiary proof substantiating this allegation *(see, Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 824, *supra; Polak v Schwenk,* 115 AD2d 142, 143). Furthermore, there is no record evidence that Kaczmarek had sought care directly from the hospital rather than

from defendants themselves *(see, Raschel v Rish, supra; Hill v St. Clare's Hosp.,* 67 NY2d 72, 80-81).

Mahoney, P. J., Mikoll and Mercure, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion in action No. 1 for leave to serve an amended complaint adding defendants Manhar Kayastha and Nirmal K. Parikh in action No. 2 as defendants in action No. 1; motion denied; and, as so modified, affirmed.