In the Matter of THOMAS A. ANDREWS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 17, 1992

### APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*Vivian Shevitz (Jane Simkin Smith* with her on the brief), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Thomas A. Andrews was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, on November 26, 1968. At all times relevant

herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys for having committed various acts of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4); DR 1-102 (A) (6); DR 9-102 (A); 22 NYCRR 603.15 (a); DR 3-103 (A); DR 3-102 (A); DR 5-101 (A) and DR 5-104 (A). In that regard, the charges against respondent asserted a series of improprieties perpetrated in connection with his representation of Gloria Vanderbilt Cooper, a prominent artist, designer and author, for whom he performed services during the period of 1978 through 1986, both as her attorney and business agent. By 1980 he was exercising virtually unlimited management of her finances. He was referred to Mrs. Cooper, at least in part, by Dr. Christ L. Zois, a New York psychiatrist. Dr. Zois was Mrs. Cooper's therapist for some three years, and they maintained a close relationship for many years thereafter, but he had also been a close friend of respondent's since childhood.

In October of 1978, Mrs. Cooper terminated the services of her previous counsel and retained respondent, who gradually took over total control of all of her legal and business dealings. Their association lasted until 1986, at which time he was discharged by Mrs. Cooper. Notwithstanding that respondent oversaw millions of dollars of Mrs. Cooper's money, and he signed all of the checks and maintained the bank statements, no independent audit of respondent's management of Mrs. Cooper's financial affairs has ever been conducted nor has he ever supplied an accounting of any receipts and disbursements.

On or about September 19, 1988, respondent was served with a notice and statement of charges. Of the six counts contained therein, the Hearing Panel, after taking extensive testimony in the matter during numerous convocations held between October 23, 1989 and March 8, 1991, sustained most of the allegations set forth in the first three counts but not those in the final three counts. Specifically, the Hearing Panel found that respondent made numerous unauthorized and fraudulent payments both to himself and Dr. Zois, who, unknown to Mrs. Cooper, was a business partner of respondent, that he made a succession of unauthorized and fraudulent payments to himself or his business partnership based upon an unfair and dishonest interpretation of a business agree-

ment that he entered into with Mrs. Cooper in 1980, that he commingled Mrs. Cooper's funds with his own, that he fraudulently appropriated to himself a $50,000 commission on the gain from the sale of Mrs. Cooper's apartment, that he engaged in an improper arrangement with a nonlawyer, Dr. Zois, with respect to Mrs. Cooper's affairs and that he performed various transactions for Mrs. Cooper in which he had conflicting interests.

The Hearing Panel, it should be noted, rejected respondent's repeated efforts to justify and/or explain his conduct. It determined that he and Dr. Zois had testified untruthfully on material issues. According to the Panel, the dishonesty of respondent and Dr. Zois was projected by their demeanor, and not only was their testimony contradicted by documentary evidence, but it was utterly incredible and often defied common sense. While the Panel considered Mrs. Cooper's testimony to be somewhat unreliable, it attributed this to a faulty memory rather than any attempt at falsification on her part. Thus, the Panel generally accepted Mrs. Cooper's version of the facts, yet did not sustain any of the charges solely on the ground of her uncorroborated statements. It deemed the documentary evidence, as well as other testimony and/or the surrounding circumstances, to demonstrate incontrovertibly that respondent was guilty of professional misconduct.

In examining the issue of sanctions, the Hearing Panel referred to the obstructive tactics employed by respondent and his attorney throughout the lengthy disciplinary proceedings, including seeking indefinite adjournments, submitting a multitude of applications, and engaging in various confrontations, accusations and outbursts, all intended to create delay. Respondent also repeatedly undertook to offer irrelevant evidence that had already been disallowed by the Panel. He frequently expressed contempt for the Panel, staff counsel and the disciplinary process, and he denounced them for their purported bias against him. In addition, the Panel explained that it had been compelled, after many indulgences and warnings, to restrict the inordinate questioning by respondent's counsel of both Mrs. Cooper and respondent himself. Consequently, the Panel concluded, respondent's six-year scheme to misappropriate assets from a client, accomplished with the assistance of her former psychiatrist and trusted friend, establishes his unfitness to practice law.

Respondent has persisted in his endeavors to hinder the disciplinary proceedings even after the protracted hearings

were finally completed. In his more recent motions requesting to reopen or suspend the proceedings, respondent has simply presented frivolous and/or duplicative applications entirely lacking in any semblance of merit. He now opposes the petition by the Departmental Disciplinary Committee to conform the report of the Hearing Panel and impose the penalty of disbarment by challenging the Panel's findings. He claims that its determination is derived from faulty conclusions founded upon tainted and unreliable evidence and that he was unfairly prohibited from defending the charges against him. However, there is absolutely no basis in the record for respondent's contention that he was denied the due process of law. Indeed, he has succeeded in endlessly protracting the disciplinary charges against him, which were originally served in 1988. A review of the record herein clearly reveals ample support for the Hearing Panel's findings that respondent is guilty of egregious professional misconduct warranting disbarment. As for the civil action between him and Mrs. Cooper, that is entirely irrelevant insofar as the instant proceedings are concerned.

Therefore, petitioner's motion to confirm the report of the Hearing Panel is granted, and respondent's name is hereby stricken from the roll of attorneys, effective immediately.

SULLIVAN, J. P., MILONAS, ROSENBERGER, WALLACH and ROSS, JJ., concur.

Respondent is disbarred and his name struck from the roll of attorneys and counselors-at-law in the State of New York, effective December 17, 1992.