■ GERALDINE M. SMITH, as Administratrix of the Estate of ROSS R. COLOMBO, Deceased, Respondent-Appellant, v FRANK CUTSON, Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in concluding that defendant should be estopped from asserting the Statute of Limitations as a defense to plaintiff's medical malpractice cause of action. Although a defendant may be estopped from pleading the Statute of Limitations "where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Simcuski v Saeli, 44 NY2d 442, 449), the doctrine of equitable estoppel is to be "invoked sparingly and only under exceptional circumstances" (Matter of Gross v New York City Health & Hosps. Corp., 122 AD2d 793, 794). The record before us contains no evidence of fraud, misrepresentation, deception, or intentional concealment on defendant's part to entitle plaintiff to invoke the doctrine of equitable estoppel. Moreover, plaintiff admittedly learned the identity of defendant at the EBT of a codefendant in December 1987, yet waited until after the expiration of the Statute of Limitations to serve defendant. Under those circumstances, there was no basis for applying the extraordinary doctrine of equitable estoppel and the court should have granted defendant's motion to dismiss plaintiff's medical malpractice cause of action.

Supreme Court properly held that service upon defendant did not relate back to service upon the Family Medicine Center pursuant to CPLR 203 (b) (1). Where plaintiff is attempting to add to the action a new defendant who was not named in the original summons, plaintiff must show that both

claims arose out of the same conduct, transaction, or occurrence; that the new party is united in interest with the original defendant; and that the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well (see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, 80 NY2d 219; Brock v Bua, 83 AD2d 61). In discussing the third prong of the test, courts have held that where there is evidence that plaintiff did not "diligently attempt to ascertain the true identity" of the defendant before the running of the Statute of Limitations, the relation back doctrine will not apply (D'Orso v Schaffer, 155 AD2d 508, 509; see also, Sucese v Kirsh, 177 AD2d 890, 892; Hoosac Val. Farmers Exch. v AG Assets, 168 AD2d 822, 824). Here, assuming that plaintiff met the first two prongs of the test, plaintiff failed to make diligent efforts to ascertain defendant's identity. Moreover, plaintiff did ascertain defendant's identity prior to the running of the Statute of Limitations, but failed to serve defendant until after the Statute of Limitations had run. Given those circumstances, Supreme Court properly denied to plaintiff the benefit of CPLR 203 (b) and dismissed the wrongful death cause of action. (Appeals from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Fallon and Doerr, JJ.