■ VICTOR HERNANDEZ, Respondent, v WILLIAM J. SCULLY, INC., et al., Defendants, and 1155 AVAMER REALTY CORP. et al., Appellants. [609 NYS2d 342] —In an action to recover damages for personal injuries, etc., the defendants 1155 Avamer Realty Corp. and 1155 Development Corp. appeal from an order of the Supreme Court, Queens County (Katz, J.), dated November 21, 1991, which denied their motion to dismiss the complaint insofar as it is asserted against them and all cross claims against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as it is asserted against the appellants and all cross claims against the appellants are dismissed, and the action against the remaining defendants is severed.

On the afternoon of May 26, 1983, the plaintiff, Victor Hernandez, was unloading a shipment of dry wall at a construction site when he was allegedly struck by a "hi-lo" machine, sustaining injuries. Eleven months later, by summons and complaint served in April 1984, the plaintiff commenced this action against, *inter alia,* Tishman Realty Corp., the construction manager of the project, and William J. Scully, Inc., the project's dry wall subcontractor. On May 31, 1988, over four years after the commencement of the action, the plaintiff was granted leave to amend his complaint to join the appellants 1155 Avamer Realty Corp., and 1155 Development Corp., as defendants. The appellants allegedly own the premises where the plaintiff's accident took place. Although there is some dispute over the actual date upon which the

appellants were joined as parties to this action, the plaintiff alleges that they were served in August 1988 more than five years after the date of his accident.

The appellants moved to dismiss the complaint insofar as it is asserted against them, alleging that the plaintiff's claim was time barred by the applicable three-year Statute of Limitations (see, CPLR 214 [5]). In opposition to the motion, the plaintiff contends that since his claim against the appellants was limited by his bill of particulars to a claim for vicarious liability based upon Labor Law §§ 240 and 241, timely service upon the construction manager Tishman and the subcontractor Scully should be deemed timely service upon the appellants pursuant to CPLR 203 (b). The plaintiff, however, offered no explanation for his four-year delay in bringing the action against the appellants, simply noting that appellants were both joined as parties to this action because 1155 Avamer Realty Corp., is shown on the deed as the owner of the premises and 1155 Development Corp., is referred to in the contracts as the owner of the premises. The Supreme Court found that the appellants were united in interest with Tishman and Scully, and denied the motion to dismiss.

We reverse. Even assuming that the requisite unity of interest was present because the plaintiff sought to hold the appellants vicariously liable based solely upon their nondelegable duties as property owners (see, Labor Law §§ 240, 241), the plaintiff has wholly failed to satisfy the third prong of the Brock v Bua (83 AD2d 61) test, which requires a plaintiff to show that his failure to join the proper parties at the outset was not due to his own inexcusable neglect (see, Brock v Bua, supra, at 69). This requirement "recognizes the desirability of commencing an action against all defendants within the period of limitation[s] and it excuses the belated commencement thereof against one or more defendants united in interest with a defendant who was timely served only if the delay in adding the new defendant or defendants is not attributable to the plaintiff" (Brock v Bua, supra, at 69). In applying the third prong of the test, courts have held that "where there is evidence that plaintiff did not 'diligently attempt to ascertain the true identity' of the defendant before the running of the Statute of Limitations, the relation back doctrine will not apply" (Smith v Cutson, 188 AD2d 1034; see also, Hoosac Val. Farmers Exch. v AG Assets, 168 AD2d 822, 824; D'Orso v Shaffer, 155 AD2d 508).

Application of these principles to the case at bar leads to the conclusion that the plaintiff failed to demonstrate that his

failure to join them at the outset was not due to his own inexcusable neglect. Here, the plaintiff offered no explanation for his four-year delay in seeking to join the appellants as defendants to this action. Instead, he noted only that one of the appellants was shown on the deed as owner of the premises, and the other was referred to in certain contracts as owner of the premises. However, there is no indication that these facts were in any way hidden from the plaintiff, or that the identity of the property owners could not have been determined through the exercise of reasonable diligence. Indeed, since the ownership of real property is a matter of public record, the plaintiff could have readily ascertained the identity of the property owners with minimal investigation. Under these circumstances, the plaintiff has failed to satisfy the third prong of the *Brock v Bua (supra)* test. Consequently, the appellants' motion to dismiss the complaint as barred by the applicable Statute of Limitations should have been granted *(see, Wimbish v Green,* 191 AD2d 491). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.