■ Deanna C. Sandor, Respondent, v Somerstown Plaza Associates et al., Defendants, and William A. Kelly & Company, Inc., Appellant. [619 NYS2d 737] —In an action to recover damages for personal injuries, etc., the defendant William A. Kelly & Company appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 5, 1993, which denied its motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, Deanna C. Sandor, a physician, leased an office suite in a building owned by the defendant Somerstown Plaza Associates (hereinafter Somerstown). The defendant Edward A. Kelly, a partner of Somerstown, executed the lease on behalf of Somerstown. On the face of the lease, Somerstown

designated its address as "c/o William A. Kelly & Company, Inc., 87 Bedford Road, Katonah, New York".

On October 24, 1988, the plaintiff was injured when she fell while attempting to open the door to her office. She alleges that the fall was caused by the negligent repair of the door. On January 22, 1990, she commenced an action to recover damages for personal injuries against Somerstown and Edward Kelly. In a subsequent deposition of Kelly, it became apparent that the repair work on the door was performed by William A. Kelly & Company (hereinafter Kelly & Co.), and an amended complaint was served on that entity on July 9, 1992. Kelly & Co. moved to dismiss the complaint as untimely served *(see,* CPLR 214 [5]). The Supreme Court denied the motion *(see,* CPLR 203 [b]). We reverse.

CPLR 203 (b) provides that

"[i]n an action which is commenced by service, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when:

"(1) the summons is served upon the defendant".

The Court of Appeals has recently endorsed the "three prong specificity" given this rule by this Court in the case of *Brock v Bua* (83 AD2d 61). As observed by the Court of Appeals, "The *Brock* test examines whether (1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement; and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well *(Brock v Bua, supra,* at 69). All three features must be met for the statutory relation back remedy to be operative" *(Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226).

This Court has recently noted that, "In applying the third prong of the *[Brock]* test, courts have held that 'where there is evidence that plaintiff did not "diligently attempt to ascertain the true identity" of the defendant before the running of the Statute of Limitations, the relation back doctrine will not apply' " *(Hernandez v William J. Scully, Inc.,* 203 AD2d 245, 246, quoting *Smith v Cutson,* 188 AD2d 1034).

In the instant case, the designation, in the lease, of Somerstown's mailing address as "c/o William A. Kelly & Company" should have alerted the plaintiff to the reasonable possibility that Kelly & Co. should be named as a defendant in the action. Under such circumstances, the plaintiff's failure to timely designate Kelly & Co. as a defendant was not attributable to any reasonable mistake, but to her own inexcusable neglect. Accordingly, the motion to dismiss the complaint insofar as it is asserted against Kelly & Co. should have been granted (see, D'Orso v Shaffer, 155 AD2d 508, 509-510; Berg v Mather Mem. Hosp., 131 AD2d 618; Liverpool v Averne Houses, 114 AD2d 840, affd 67 NY2d 878; see also, Smith v Cutson, supra, at 1035). Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.