■ A TO Z ASSOCIATES et al., Plaintiffs, and JOYCE B. ANDREWS et al., Respondents-Appellants, v GLORIA V. COOPER, Appellant-Respondent, et al., Defendants. [626 NYS2d 143] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered May 6, 1994, which, *inter alia,* dismissed the complaint, awarded defendant-appellant damages on her first and third counterclaims, and dismissed defendant-appellant's fourth and fifth counterclaims, unanimously affirmed, with costs payable to plaintiffs-respondents-appellants.

We agree with the IAS Court that the findings of fact made by the Hearing Panel in the disciplinary proceeding against plaintiff Andrews, appellant's former attorney, now deceased, as confirmed by this Court *(Matter of Andrews,* 184 AD2d 195, *lv denied* 81 NY2d 912), are entitled to collateral estoppel effect no less than the quasi-judicial determination of adminis-

trative agencies *(cf., Weiner v Weintraub,* 22 NY2d 330, 331-332; *Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals,* 192 AD2d 839, 840), and that the Hearing Panel's finding of misconduct against Andrews estop his estate, and the other plaintiffs, who were in privity with him, from contesting that all of the compensation paid to them by appellant was wrongfully obtained and should be returned. We also agree with the IAS Court that the Hearing Panel made no findings of fact that would estop plaintiffs from offering any defense on the counterclaims relating to Gloria Concepts, Inc. Concerning the fourth and fifth counterclaims, appellant concedes that they are time-barred unless saved by the relation-back doctrine of CPLR 203 (f). Relation back is not available here since the counterclaims are not a mere expansion of the original counterclaim *(see, Pickholz v First Boston,* 202 AD2d 277). Nor would the relation back permit the addition of the proposed corporate counterclaim defendant. A pleader is expected to make a diligent effort to determine all of the possible parties at the time of the original pleading *(see, Sandor v Somerstown Plaza Assocs.,* 210 AD2d 212, 213). Here, appellant's failure to include the corporation as a counterclaim defendant was not neglect at all, excusable or otherwise, but a conscious strategy decision based on her perception of the corporation's true nature. In any event, the record does not show that appellant has a prima facie case against any party under the fourth or fifth counterclaim. We have considered the parties' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Asch, Williams and Mazzarelli, JJ. *[See,* 161 Misc 2d 283].