Christ ZOIS, Appellant,

v.

Gloria V. COOPER, Appellee.

No. 99 CIV. 3750(BSJ).

United States District Court,
S.D. New York.

Oct. 16, 2001.

Eugene R. Scheiman, Buchanan Ingerson, P.C., New York City, for Christ Zois.

Jerome K. Walsh, Windels, Marx, Lane & Mittendorf, New York City, for Gloria V. Cooper.

## ORDER & OPINION

JONES, District Judge.

On April 11, 1995, an involuntary chapter 7 petition was filed against appellant-debtor Zois. Pursuant to Section 303 of the Bankruptcy Code, an order for relief was granted against the appellant. On January 23, 1998, appellee Cooper, a judgment creditor of Zois', initiated this adversary proceeding against the appellant. The appellee sought to have the judgment debt owed to her excepted from the appellant's bankruptcy discharge. On March 18, 1999, Bankruptcy Judge Burton R. Lifland entered an order declaring the appellee's judgment debt non-dischargeable under

Section 523(a)(4) of the Bankruptcy Code. The appellant now seeks reversal of that order, which granted the appellee's summary judgment motion and denied the appellant's cross-motion for summary judgment. For the reasons set forth below, this Court affirms.

## I.

The appellee's judgment debt against the appellant originates from a New York State Supreme Court judgment of $1,669,562.96 plus interest. *See A to Z Assocs. v. Cooper,* 161 Misc.2d 283, 613 N.Y.S.2d 512 (N.Y.Sup.Ct.1993) ("*A to Z*"), *aff'd,* 215 A.D.2d 161, 626 N.Y.S.2d 143 (N.Y.App.Div.1995). The state court judgment was based on two of the counterclaims raised by the appellee, namely breach of fiduciary duty and fraud, in a suit originally brought by the appellant and his partner Andrews against the appellee for breach of contract and fraud. The counterclaims were directed against both the appellant, who was the appellee's psychiatrist, and Andrews, who was the appellee's former lawyer. Andrews and the appellant had formed a partnership named A to Z Associates, which ostensibly functioned as a service provider to the appellee. In fact, acting as the appellee's lawyer, Andrews had misappropriated her funds through fraudulent payments to himself, the appellant, and their partnership.

While the state court action was pending, disciplinary proceedings were held against Andrews, leading to his disbarment. *See Matter of Andrews,* 184 A.D.2d 195, 591 N.Y.S.2d 406 (N.Y.App.Div.1992), *lv. denied,* 81 N.Y.2d 912, 597 N.Y.S.2d 930, 613 N.E.2d 962 (N.Y.App.Div.1993). Following the disbarment proceedings, the appellee moved for summary judgment on her counterclaims against Andrews and the appellant in the state court action.

The state court held that: (1) the findings of the disciplinary panel were dispositive of those same issues in the civil action under the doctrine of collateral estoppel, (2) Andrews and the appellant were in privity for purposes of collateral estoppel, and (3) Andrews and the appellant had a full and fair opportunity to litigate the issues before the disciplinary panel. *See A to Z,* 161 Misc.2d 283, 613 N.Y.S.2d 512. Relying on facts determined by the disciplinary panel, the state court then granted the appellee's motion for summary judgment with respect to her first and third counterclaims. *See A to Z,* 613 N.Y.S.2d at 520.

Bankruptcy Judge Burton R. Lifland adopted the state court holding that the appellant was collaterally estopped from litigating any of the factual issues resolved in the disciplinary proceeding. *Cooper v. Zois (In re Zois),* 269 B.R. 89, 97–99 (Bankr.S.D.N.Y.1999) (findings of fact and conclusions of law). Based upon the facts found by the disciplinary panel, the bankruptcy court concluded that the appellant was collaterally estopped from claiming that he did not embezzle within the meaning of Section 523(a)(4) and that he did not commit fraud or defalcation while acting in a fiduciary capacity within the meaning of Section 523(a)(4). *Cooper v. Zois (In re Zois),* 269 B.R. 89, 99–101, (Bankr. S.D.N.Y.1999) (findings of fact and conclusions of law). Thereafter, the bankruptcy court entered an order declaring the judgment debt non-dischargeable under Section 523(a)(4) of the Bankruptcy Code. *Cooper v. Zois (In re Zois),* No. 98–8101A (Bankr.S.D.N.Y. Mar. 18, 1999) (order determining debt nondischargeable).

Before this court on appeal, the appellant argues that the bankruptcy court erred by applying collateral estoppel against the appellant, by imputing An-

drews' fiduciary obligations to the appellant under Section 523(a)(4), by holding that the appellant embezzled under Section 523(a)(4), and by denying the appellant's cross-motion for summary judgment against the appellee.

## II.

■ The standard by which the Court is to review an order of the bankruptcy court is set forth in Rule 8013 of the Federal Rules of Bankruptcy Procedure:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Therefore, the Court will accept the bankruptcy court's findings of fact unless they are clearly erroneous. *See In re Manville Forest Products Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990). This Court will review the bankruptcy court's legal conclusions *de novo. See id.*

### A. Collateral Estoppel

■ Collateral estoppel applies in Section 523(a) discharge exception proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also Perino v. Cohen (In re Cohen)*, 92 B.R. 54, 60 (Bankr.S.D.N.Y. 1988) ("In the Second Circuit, the bankruptcy courts have 'uniformly applied' the doctrine of collateral estoppel to dischargeability proceedings.") (collecting cases). This Court will use New York's collateral estoppel law as prescribed by Section 1738 of Title 28 of the United States Code. *See* 28 U.S.C. § 1738 (1994) (requiring federal

courts to apply state collateral estoppel rules when a state court judgment is at issue); *see also Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir.1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988).

■ The doctrine of collateral estoppel is premised on the basic concept of fairness. *See Gilberg v. Barbieri*, 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 423 N.E.2d 807 (N.Y.1981). It protects parties from relitigating identical issues and promotes efficiency by impeding unnecessary litigation. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Due process dictates that collateral estoppel cannot be used against a person who did not have a fair opportunity to litigate an issue decided in a previous proceeding. *See Gilberg*, 53 N.Y.2d at 291, 441 N.Y.S.2d 49, 423 N.E.2d 807. Therefore, two formal requirements must be met to invoke the doctrine of collateral estoppel. First, there must have been a full and fair opportunity to litigate the decision that now controls. *See Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 386 N.E.2d 1328 (N.Y.1979). Second, the issue in the prior action must be identical to and decisive of the issue in the instant action. *See id.*

■ The appellant argues that he did not have a full and fair opportunity to litigate the disciplinary decision because he was not a party to the prior proceeding, counsel did not represent him, and he had no opportunity to provide evidence at the hearing. Under New York law, however, collateral estoppel can be used against a person who was not a party to a previous proceeding as long as that person is in privity with such a party. *See Gilberg*, 53 N.Y.2d at 291, 441 N.Y.S.2d 49, 423 N.E.2d 807 ("mutuality of estoppel 'is a dead letter' in this State") (citations omitted). The "crucial inquiry" in determining privity

centers on the relationship between the party to the first action and the person named to be his privy. *See Gramatan*, 46 N.Y.2d at 486, 414 N.Y.S.2d 308, 386 N.E.2d 1328. The interests of the nonparty must have been effectively represented at trial to invoke the doctrine of collateral estoppel. *See Baldwin v. Brooks*, 83 A.D.2d 85, 443 N.Y.S.2d 906, 908 (N.Y.App.Div.1981).

■ The appellant and Andrews formed a partnership, A to Z Associates, in part to manage the affairs of the appellee. As partners, Andrews and the appellant were undoubtedly in privity concerning their business dealings with the appellee, which were the subject of the disciplinary proceedings. In addition, the interests of the appellant and Andrews were perfectly aligned during the disciplinary proceedings. The appellant was Andrews' partner and was implicated in the misconduct surrounding the partnership. The appellant had an incentive to help Andrews in the disciplinary proceedings because he would be liable for damages resultant from any misconduct committed by his partner during the course of their business dealings with the appellee. While the appellant was not a named party in the disciplinary proceedings, he did participate in the action. In fact, the appellant himself testified as a witness in support of Andrews. In sum, the bankruptcy court did not err in holding that both Andrews and the appellant had a full and fair opportunity to litigate the issues presented in the disciplinary proceeding.

■ The second criterion for the application of collateral estoppel is the identicality and decisiveness of the issues presented to the disciplinary panel and the bankruptcy court. Collateral estoppel bars the relitigation of facts before a bankruptcy court that were previously decided by another court. *See Cohen*, 92 B.R. at 59; *see also Kelleran*, 825 F.2d at 694 (requiring bankruptcy courts to give preclusive effect to state court judgments). The appellee contests the bankruptcy court's finding that the factual issues decided by the disciplinary panel were identical to and decisive of the factual issues raised by the appellee's counterclaims.

As correctly found by the bankruptcy court, the factual issues before the bankruptcy court—whether Andrews committed fraud or embezzlement in his dealings with the appellee and whether Andrews was the appellee's fiduciary—were decided by the disciplinary panel and the state court. The disciplinary panel determined that Andrews fraudulently misappropriated funds in violation of DR–1–102(A)(4) of New York's Code of Professional Responsibility prohibiting "conduct involving dishonesty, fraud, deceit, or misrepresentation." *See Cooper v. Zois (In re Zois)*, 269 B.R. 89, 99–100 (Bankr.S.D.N.Y.1999) (findings of fact and conclusions of law) ("*Cooper*"). The disciplinary panel also found that Andrews was the appellee's fiduciary. *See id.* at 100–101. Similarly, the state court found Andrews actions were "a gross breach of an attorney's professional and fiduciary duties while acting as the client's lawyer and business advisor." *A to Z*, 613 N.Y.S.2d at 520. Given these determinations by the disciplinary panel and the state court, the bankruptcy court did not err in deciding that the issues before it met the identicality requirement to apply collateral estoppel.

### B. Imputation of Fiduciary Duty

■ Section 523(a)(4) states in relevant part that a debtor is not discharged from any debt incurred because of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4) (1994). After determin-

ing that the appellant was collaterally estopped from litigating the factual issues decided by the disciplinary panel, the bankruptcy court ruled that Andrews' fiduciary duty was properly imputed to the appellant. Applying Section 523(a)(4), the bankruptcy court then held that the appellant's debt was non-dischargeable.

The appellant unsuccessfully contends that the bankruptcy court erred in making those determinations. First, the appellant states that he is not a fiduciary, a fact which the appellee concedes. Next, the appellant argues that the bankruptcy court incorrectly interpreted Section 523(a)(4) of the Bankruptcy Code in light of the Code's underlying fresh start philosophy.

The bankruptcy court correctly ruled that Andrews owed a fiduciary duty to the appellee; furthermore, that duty was properly imputed to the appellant. As the appellee's lawyer, Andrews undoubtedly owed her a fiduciary duty. An attorney-client relationship forms a fiduciary bond under Section 523(a)(4). *See The Andy Warhol Found. for Visual Arts, Inc. v. Hayes (In re Hayes)*, 183 F.3d 162, 168 (2d Cir.1999) ("Of course, the attorney-client relationship entails one of the highest fiduciary duties imposed by law."). As noted by the disciplinary panel and the bankruptcy court, Andrews also owed the appellee a fiduciary duty because he exercised nearly total control over the appellee's business accounts. *See Cooper* at 100–101.

Andrews' fiduciary duty was properly imputed the appellant. Fundamental principles of partnership law require the imputation of the fiduciary duty between the appellant and Andrews in this case. The appellant not only knew of the fraudulent activity, but he also took part in it. However, even if the appellant did not know of his partner's wrongdoing, Andrews' fiduciary duty would still be imputed to him under *BancBoston Mortgage Corp. v. Ledford (In re Ledford)*, 970 F.2d 1556, 1561 (6th Cir.1992), in which the court imputed liability in a non-dischargeability action to an innocent partner. *See also Luce v. First Equip. Leasing Corp. (In re Luce)*, 960 F.2d 1277, 1282 (5th Cir.1992) (collecting cases). Therefore, the bankruptcy court did not err in imputing Andrews' fiduciary duty to the appellant.

The appellant also argues that the bankruptcy court erred in its interpretation of Section 523(a)(4) by failing to follow the fresh start policy underlying the Bankruptcy Code. To comport with the Code's policy, the law dictates that the defalcation exception be liberally construed in favor of the debtor. *See Zohlman v. Zoldan (In re Zoldan)*, 221 B.R. 79, 83 (Bankr.S.D.N.Y.1998). While the appellant's argument has some superficial appeal, it ignores a pivotal aspect of the fresh start policy, which is that the policy only applies to the honest debtor. *See Grogan*, 498 U.S. at 287, 111 S.Ct. 654 (applying the benefits of the fresh start policy only to the *"honest* but unfortunate debtor") (emphasis added, citation omitted); *Samuels v. Ellenbogen (In re Ellenbogen)*, 218 B.R. 709, 717 (Bankr.S.D.N.Y.1998). The record reflects the joint plot of Andrews and the appellant to misappropriate funds from the appellee. The appellant's reprehensible behavior toward the appellee, including revealing to Andrews the appellee's intimate secrets learned through her psychiatric sessions, certainly places the appellant outside the reach of the fresh start policy. Therefore, the bankruptcy court did not err in declaring the appellant's debt non-dischargeable under Section 523(a)(4).

C. Embezzlement

Having decided that the bankruptcy court properly imputed Andrews' fiduciary

duty and the breach of that duty to the appellant, the Court finds that it need not reach the question of whether the appellant committed embezzlement within the meaning of Section 523(a)(4).

### D. Appellant's Cross–Motion

The appellant seeks reversal of the bankruptcy court's denial of his summary judgment cross-motion. For reasons already discussed in this opinion, the bankruptcy court did not err in holding that the debt was non-dischargeable under Section 523(a)(4). Therefore, the appellant's cross-motion for summary judgment was properly denied in that respect.

▇▇▇ The appellant also challenges the bankruptcy court's ruling that the appellee was not estopped from alleging her first counterclaim, one of the two counterclaims that resulted in her state court award. The appellant argues that the bankruptcy court erred in denying his motion for summary judgment with respect to the appellee's first counterclaim because that counterclaim was based on the same factual allegations as the fourth and fifth counterclaims, which were dismissed by the state court. As stated above, to invoke the doctrine of collateral estoppel, the issue in question must be identical to and decisive of the issue in the previous proceeding. *See Gramatan,* 46 N.Y.2d at 485, 414 N.Y.S.2d 308, 386 N.E.2d 1328. Further, the appellant has the burden of proving the identicality and decisiveness of the issues. *See Capital Tel. Co., Inc. v. Pattersonville Tel. Co., Inc.,* 56 N.Y.2d 11, 18, 451 N.Y.S.2d 11, 436 N.E.2d 461 (N.Y. 1982).

▇▇▇ The fourth and fifth counterclaims do contain some of the same factual allegations as the first counterclaim; however, the record shows that neither counterclaim was dismissed for reasons that would collaterally estop the appellee from claiming that the portion of the debt attributable to the first counterclaim arose from fraud. The state court dismissed both the fourth and the fifth counterclaims based on facts wholly apart from those at issue in the first counterclaim. Unlike the appellant's first counterclaim, her fourth and fifth counterclaims each involved an entity, Gloria Concepts, Inc., that was not collaterally estopped by the findings of the disciplinary panel. *See A to Z,* 613 N.Y.S.2d at 520, *aff'd* 215 A.D.2d 161, 626 N.Y.S.2d 143, 144 (N.Y.App.Div.1995). Furthermore, the fourth and fifth counterclaims were barred because the statute of limitations had expired. *See A to Z Assocs. v. Cooper,* 215 A.D.2d 161, 626 N.Y.S.2d 143, 144 (N.Y.App.Div.1995). In short, the appellant has not proven the identicality and decisiveness of the issues. Consequently, the bankruptcy court was correct in refusing to estop the appellee from claiming that the $1.38 million claim is non-dischargeable under Section 523(a)(2).

### CONCLUSION

For the foregoing reasons, this Court affirms the order of the bankruptcy court. **SO ORDERED.**