SUMMARY ORDER
Christ Zois appeals the district court’s decision affirming a bankruptcy court holding that he was collaterally estopped from relitigating facts found in state disbarment proceedings against his partner, and that Zois was, on the basis of those facts, not dischargeable in bankruptcy. He also seeks summary judgment on the dischargeability issue, claiming that a state court ruled for him on facts determinative of that question. The latter argument is frivolous: the court below correctly concluded that the state court ruling dealt with a different set of facts entirely. As to the application of collateral estoppel in bankruptcy proceedings, we follow state rules. See Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); Kelleran v. Andrijevic, 825 F.2d 692, 694 (2d Cir.1987). In the case before us, the facts found in the disbarment proceeding clearly preclude Zois under state law. Indeed, they were held to do so in a state case which raised this very question with respect to Zois himself. See A to Z Assocs. v. Cooper, 161 Misc.2d 283, 613 N.Y.S.2d 512 (Sup.Ct.1993), aff'd, 215 A.D.2d 161, 626 N.Y.S.2d 143 (1995) (holding that collateral estoppel applied because the state disbarment proceeding afforded a full and fair hearing on the issues and was applicable to Zois, who, though not a party to the proceeding, was in privity with his partner).
We need not decide whether the facts found in the state proceedings establish embezzlement or a violation of fiduciary duty for the purposes of non-dischargeability under Section 523(a)(4),[1] because the non-dischargeability provisions of Section 523(a)(2)(A)[2] undeniably apply to Zois’s behavior. Therefore, the district court’s conclusion that these debts were not dis-chargeable was clearly correct.[3]
We have considered all of the debtor-appellant’s arguments and find them to be meritless. Accordingly, we AFFIRM.

. Section 523(a)(4) provides, in relevant part, for non-dischargeability from any "debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, larceny.” 11 U.S.C. § 523(a)(4).

. Section 523(a)(2)(A) provides, in relevant part, for non-dischargeability from any debt "for money, properly, services, or an extension, renewal or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud ...” 11 U.S.C. § 523(a)(2)(A).

. The lower courts did not consider the question of whether Zois's debt was non-dis-chargeable under Section 523(a)(2)(A), but we are, of course, permitted to affirm the judgment of the district court on any ground appearing in the record. Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir. 1997).