■ CHARLES J. FELLER et al., Respondents, v SANO-RUBIN CONSTRUCTION Co., INC., Defendant, and STATE INSURANCE FUND, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered June 9, 1977 in Albany County, which approved a compromise and settlement of plaintiffs' third-party action pursuant to subdivision 5 of section 29 of the Workmen's Compensation Law. Plaintiff, an employee of a subcontractor at a construction project at the Albany Medical Center Hospital, fell from a ladder during the course of his employment and was seriously and permanently injured. The accident happened on January 8, 1973. The doctor's affidavit states that as of December 9, 1976 the plaintiff continues to be totally disabled. As of February 18, 1977 the State Insurance Fund had a lien of $14,473.91 for medical benefits and $17,785 for compensation payments for a total lien of $32,258.91. An application was made by notice of motion dated April 1, 1977 to compromise and settle a third-party action against the general contractor of this construction project. Despite strenuous opposition of the State Insurance Fund, Special Term directed that plaintiff's cause of action be settled for $15,000, the wife's derivative action be compromised for

$15,000 and, further, that the attorney's fee of $10,000 be satisfied by the reduction of $5,000 from the gross settlement of each cause of action. In sum, the plaintiff's wife and the attorney each received $10,000 and the State Insurance Fund got a partial payment of their lien in a like amount. This appeal ensued. In *Matter of Nachison v Phoenix of Hartford Ins. Co.* (30 AD2d 499, 502), in connection with another issue involving subdivision 5 of section 29 of the Workmen's Compensation Law, we found it useful to cite from the reasons advanced by the Judicial Conference in proposing the amendment to section 29 that empowers a Justice to compromise third-party actions.* Again, we refer to that source. The conference stated: " *'This provision of section 29 is to protect the insurer as to the amount of the deficiency; it has no other purpose.* This proposed legislation intended to offer a method whereby the plaintiff may settle his action without consent of the insurer and still retain his right to further compensation.' " (Emphasis added.) The 1966 amendment (subd 5) substantially adopts the rationale of the Judicial Conference recommendation by permitting an injured employee to compromise a third-party action with court approval, rather than with insurer consent, while preserving his right to subsequent compensation benefits *(Schnabel v Grimes,* 31 AD2d 375, 377; *Matter of Nachison v Phoenix of Hartford Ins. Co., supra).* However, since the 1966 amendment provides for notice to the insurer and the opportunity to be heard, it follows that the carrier may advance arguments against the amount of the proposed settlement as well as the method of its allocation, in order to recover as much of its paid benefits as possible and thereby reduce its ultimate liability as payments continue. This is no empty right and if the reasons presented by the insurer preponderantly weigh against a proposed allocation of the settlement, they must be honored. Here, since the State Insurance Fund does not contend that the gross settlement figure of $30,000 is inadequate, it is unnecessary to consider a reversal on that ground since that would necessitate a plenary trial of the third-party action *(Matter of Brych v Fireman's Fund Amer. Ins. Cos.,* 33 AD2d 632). However, since the State Insurance Fund's objections to the allocation of the gross settlement were premised on a lack of proof that the employee's wife sustained any loss of consortium that could be justifiably equated with a compromise of her action for a sum equal to that of her permanently injured husband, we feel a remittal is necessary either for the receipt of additional and more explanatory documentary proof or, if Special Term should deem it advisable, for testimonial fact-finding. Plaintiff's allegation that "In many ways, my wife's loss is even greater than mine because I am in need of continual care and my injuries have required a complete change in my wife's activities and life style" is lacking in specificity as to the "ways" in which his spouse's duties and obligations have changed. Next, while standardized legal fees in personal injury actions should not be ignored, there are instances, such as in settlement of infant's actions, and, as here, in the compromise of third-party actions involving compensatory social legislation to which employers make substantial contributions in the payment of premiums, when the Justice to whom an application is made to compromise a third-party action in an amount less than the lien, should weigh variable and distinguishing factors which might suggest departure from the standardized fees set by local custom. Such factors might include the reasonableness of the attorney's retainer, the difficulty or simplicity of the negotiations, as well as whether liability was clearly present (see *Becker v Huss Co.,* 43 NY2d 527).

---

* Amendment was enacted by chapter 840 of the Laws of 1966.

Orders reflecting such considerations would serve the legislative intention implicit in subdivision 5 of section 29 of not only permitting injured employee settlement of third-party actions without insurer consent, but, also, of protecting the carrier against inordinately large deficiencies. Order reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.