■ Mayrose J. Baiano et al., Respondents, v Grace Squires et al., Defendants, and Liberty Mutual Insurance Company, Appellant.—In a proceeding pursuant to Workers' Compensation Law § 29 (5) to obtain judicial approval of a previously agreed-to compromise and settlement of a personal injury action, the Liberty Mutual Insurance Company appeals from so much of an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered May 22, 1984, as, upon its motion to open its default in opposing the application and for reconsideration, adhered to a previous order dated January 23, 1984 granting petitioners' application for judicial approval of the compromise and settlement.

Order reversed, insofar as appealed from, without costs or disbursements, order dated January 23, 1984 vacated and petitioners' application denied. The personal injury action shall be restored to the head of the Trial Day Calendar of the Supreme Court, Westchester County.

In December 1978, petitioner Mayrose J. Baiano was injured in an automobile collision while in the course of her employment for the County of Westchester. As a result of the accident, she was unable to work full time for approximately six weeks. In mid-February 1979, she returned to her position on a part-time basis, but she continued to receive periodic physical therapy treatments. Following her accident, Mayrose Baiano began to receive payments for lost wages and medical expenses from Liberty Mutual Insurance Company (hereinaf-

ter Liberty Mutual), the workers' compensation carrier for the County of Westchester.

The injured petitioner and her husband also instituted a personal injury action against the owner and driver of the other vehicle, Grace Squires and Franklin Squires. On or about March 12, 1979, Liberty Mutual sent to Franklin Squires a notice of lien upon any settlement, judgment or other recovery received by Mayrose Baiano which attached under Workers' Compensation Law § 29 (1). On May 19, 1983, following jury selection for the personal injury action, petitioners accepted a settlement offer of $43,500 from the Squires' representative. Liberty Mutual was not then informed of the settlement. In August 1983, Mayrose Baiano was notified that Liberty Mutual was discontinuing payment of her workers' compensation benefits because her personal injury action had been settled "without carrier consent". At that time, Liberty Mutual had reimbursed Mayrose Baiano $3,747 for lost wages and $5,482.04 for medical expenses. On or about September 26, 1983, petitioners moved at Trial Term for an order authorizing them to compromise their personal injury action. By order dated December 9, 1983, Trial Term dismissed petitioners' motion as untimely and improperly served since the case had previously been marked settled and was no longer on the calendar. Trial Term advised petitioners to renew their application at Special Term.

On December 20, 1983, petitioners obtained an order requiring the defendants, rather than Liberty Mutual, to show cause at Special Term why the court should not issue an order authorizing compromise of the personal injury action. Liberty Mutual did not appear at the hearing on the motion, and an order approving the compromise settlement was granted on January 23, 1984. Liberty Mutual then moved for an order vacating their default in opposing petitioners' application, and for reconsideration of the application. Special Term granted Liberty Mutual's motion to reconsider, but, upon reconsideration, adhered to its prior determination.

We reverse, insofar as appealed from.

Workers' Compensation Law § 29 (5) affords employees who are entitled to receive compensation benefits the right to compromise their causes of action for less than the statutory amount of compensation only with the written approval of the Commissioners of the State Insurance Fund or their designees, or by an order of approval from a Justice of the court in which the action was pending. Workers' Compensation Law § 29 (5) further provides that if the action is on trial at the

time the offer of settlement is made, the court may mark the action settled subject to the securing of written approval or a judicial order, and "[i]f such written approval or such order is not subsequently secured within three months the action shall be restored to the head of the trial day calendar".

When judicial approval of a compromise settlement is sought, the petitioner is required to serve a copy of the application papers upon the party whose written approval would have otherwise been required, to afford it the opportunity to submit affidavits and be heard upon the application in order to protect its right of subrogation (see, *Balkam v Miesemer*, 74 AD2d 629; *Feller v Sano-Rubin Constr. Co.*, 62 AD2d 1071; *Capobianco v Continental Vending Mach. Corp.*, 28 AD2d 1126).

This court has permitted judicial approval of a previously agreed-to compromise and settlement beyond the three-month period described in Workers' Compensation Law § 29 (5), when the petitioner can establish that the settlement is reasonable, that the delay in applying for an order of approval was not caused by the petitioner's neglect or fault, and that the workers' compensation carrier was not prejudiced by the delay (*Balkam v Miesemer, supra*). In this proceeding, where petitioners moved for judicial approval several months after the three-month period had expired, it was incumbent upon them to furnish a reasonable excuse for the delay. Liberty Mutual had no obligation to inform petitioners of the existence of the statutory lien over the settlement proceeds (see, *Utica Mut. Ins. Co. v Employers Mut. Liab. Ins. Co.*, 57 Misc 2d 764, 766). Therefore, Liberty Mutual's failure to notify petitioners of its lien does not provide an excuse for petitioners' failure to apply for judicial approval within three months of the date the settlement offer was accepted. Accordingly, Special Term erred in granting the application. Under Workers' Compensation Law § 29 (5), the petitioners' application should have been denied, and the personal injury action restored to the head of the Trial Day Calendar. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.