■ Joyce B. Staller et al., Respondents, v County of Suffolk et al., Appellants.—In an action, *inter alia,* for a judgment declaring that the defendant Suffolk County Legislature's actions in denying the plaintiffs' applications to recover four parcels of real property obtained by the defendant County of Suffolk by reason of delinquent real estate taxes were arbitrary, capricious and an abuse of discretion, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered July 14, 1987, which, *inter alia,* denied their renewed motion to dismiss the complaint and granted the plaintiffs' cross motion for summary judgment.

Ordered that the judgment is affirmed, with costs.

In April 1983 the County of Suffolk acquired title to four parcels of real property previously owned by the plaintiffs as a result of their failure to pay real estate taxes. In November 1985 the plaintiffs applied to the Suffolk County Legislature to recover that property. Since more than nine months had elapsed since the property was acquired by the county, the plaintiffs were unable to avail themselves of the statutory procedure for the redemption of property *(see,* Administrative Code of County of Suffolk, art XXXII, § A32-1). Instead they relied upon a procedure, authorized by County Law § 215 (5), whereby the Suffolk County Legislature entertains applications for the redemption of the property in its discretion. At a meeting on June 24, 1986, the Suffolk County Legislature denied the plaintiffs' applications. The plaintiffs subsequently commenced a proceeding pursuant to CPLR article 78 seeking review of the Suffolk County Legislature's actions on the basis that they were arbitrary, capricious and an abuse of discretion. The court converted the proceeding to an action for a declaratory judgment (CPLR 103 [c]), denied the defendants' renewed motion to dismiss the complaint, and granted the plaintiffs' cross motion for summary judgment declaring that the plaintiffs were entitled to an opportunity to redeem.

When the Suffolk County Legislature determined that the plaintiffs' applications to recover the real property in question should be denied it was acting in its administrative, as opposed to its legislative, capacity *(see, Press v County of Monroe,* 50 NY2d 695; *International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278). Thus this court may review that action to determine whether there exists a rational basis for its determination or whether that determination was arbitrary or capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). In this regard, the plaintiffs established that

five months before making the instant determination the Suffolk County Legislature granted the plaintiffs' applications for the redemption of nine other properties they owned in Suffolk County. Those applications were identical to the instant applications except with regard to the property in question. Since the Suffolk County Legislature failed to offer any rational explanation for its inconsistent conduct, it was properly determined that the denial of the instant applications was arbitrary and capricious *(see, Knight v Amelkin,* 68 NY2d 975; *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516).* Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.