■ ROGER M. SUCESE, Respondent, v VINCENT F. KIRSCH, Defendant and Third-Party Plaintiff-Appellant-Respondent, and O'HARA & CROUGH, P. C., Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.)—Weiss, J. P. Cross appeals from an order of the Supreme Court (Duskas, J.), entered October 1, 1990 in St. Lawrence County, which, *inter alia,* granted plaintiff's motion for leave to serve a supplemental complaint and denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Plaintiff has alleged that the law firm of Kirsch and Sbrega, P. C., which represented him in the purchase of real property in the Village of Massena, St. Lawrence County, failed to

record the deed for over a year and that in the interim various liens, tax warrants and judgments were filed against the property. Plaintiff's applications for governmental rehabilitation grants and bank improvement financing were rejected because of the clouds on the property's title. Plaintiff commenced this legal malpractice action against defendant, who was an attorney-employee and shareholder of Kirsch and Sbrega. Defendant contends that he had no personal involvement in the transaction and that he is not personally liable for the acts of another employee-shareholder. His third-party complaint includes a claim against O'Hara & Crough, P. C., the attorneys for plaintiff in this action, for contribution and indemnification, alleging that they were guilty of legal malpractice by failing to promptly mitigate plaintiff's damages.

Plaintiff moved, *inter alia,* for leave to serve a supplemental summons and amended complaint on Kirsch and Sbrega, contending that the professional corporation was united in interest with defendant. O'Hara & Crough cross-moved for summary judgment dismissing defendant's third-party complaint. Defendant appeals from, *inter alia,* that part of Supreme Court's order which granted plaintiff permission to serve a supplemental summons and amended complaint* and O'Hara & Crough appeals from the denial of its motion for summary judgment.

Defendant essentially argues that Supreme Court erred in granting leave to serve an amended complaint upon Kirsch and Sbrega because such action was time barred. Defendant further contends that the necessary unity of interest between the professional corporation and himself sufficient to warrant a tolling of the Statute of Limitations (CPLR 203 [b]) against Kirsch and Sbrega is lacking.

A time-barred claim against a new party will relate back to the date upon which the plaintiff's claim was interposed against the original defendant (CPLR 203 [b]) where (1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against it as well *(Brock v Bua,* 83 AD2d 61, 69).

---

* Defendant also appealed from the denial of his motion seeking to disqualify O'Hara & Crough from representing plaintiff as well as certain other provisions of Supreme Court's order. On his brief, however, defendant argues only the issue of the grant of plaintiff's motion and the denial of O'Hara & Crough's motion.

Even assuming that the requisite unity of interest was present we find inescapable the conclusion that the third prong of the test established in *Brock v Bua (supra,* at 69) fails. The identity of the law firm as a potential defendant united in interest with defendant was certainly known to plaintiff and he had that knowledge within the Statute of Limitations period *(see, Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829, 832; *Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 483).* Plaintiff was required to treat both defendants equally by bringing timely suit against each of them *(see, Lamb v Prime Computer,* 158 AD2d 798, 799). For these reasons, it was error to grant plaintiff's motion.

O'Hara & Crough contends both that the damages had been incurred prior to its retention by plaintiff and that its retention was not for the purpose of clearing plaintiff's title or mitigating his damages, but rather for the sole purpose of prosecuting this legal malpractice claim. Under both arguments, O'Hara & Crough contends that it violated no duty owed to plaintiff. O'Hara & Crough supported both positions with affidavits and documents including the retainer agreement and the transcript of plaintiff's examination before trial. Defendant opposed the motion with only an attorney's affidavit and his reliance upon the case of *Schauer v Joyce* (54 NY2d 1), which we find inapplicable. In *Schauer,* the second or successor attorney was retained in the same matter and for similar purposes as the original attorney. Here, O'Hara & Crough was retained solely to commence a legal malpractice claim and did not owe plaintiff a duty to commence legal proceedings to quiet title. Moreover, the damages suffered by plaintiff occurred prior to the time he retained O'Hara & Crough. While defendant speculates that the element of damages based on plaintiff's continuing loss of rents may have been mitigated by quieting title, the evidence in the record does not support that conclusion. On the contrary, the record reveals that plaintiff lost his rehabilitation grant and financing prospects and was thus unable to renovate the premises and further, that as a result the building has deteriorated to the point that demolition was required. Defendant failed to assemble and lay bare affirmative proof in opposition to the motion or to raise an issue of fact. Inasmuch as O'Hara & Crough has made a prima facie showing of entitlement to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557), its motion should have been granted.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs,

by reversing so much thereof as granted plaintiff's motion for leave to serve a supplemental complaint and denied third-party defendant's motion for summary judgment dismissing the third-party complaint; plaintiff's motion denied, third-party defendant's motion granted, third-party defendant awarded summary judgment and third-party complaint dismissed; and, as so modified, affirmed.

