■ Richard A. Lott et al., Plaintiffs, v Ronald R. Benjamin, Defendant and Third-Party Plaintiff-Respondent. O'Hara, O'Connell, Hrabchak & Gebo, P. C., Third-Party Defendant-Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered December 9, 1991 in Broome County, which, *inter alia,* granted third-party plaintiff's cross motion to disqualify third-party defendant as plaintiffs' counsel.

This appeal presents two issues for resolution: (1) whether Supreme Court was correct in denying third-party defendant's motion for summary judgment against the third-party plaintiff, and (2) whether Supreme Court was correct in disqualifying plaintiffs' counsel from further representation of plaintiffs.

Plaintiffs had a controversy with William Barell, Carl Barell and Bagel Busters, Inc., of which firm the Barells were allegedly principals over the franchise of a bagel store. Defendant was retained by plaintiffs to prosecute an action against the Barells and Bagel Busters, in the course of which defendant sought discovery and an extension of time to take a default judgment against the Barells and Bagel Busters. This was denied by Supreme Court. Subsequently, summary judgment was granted to William Barell dismissing plaintiffs' complaint against him.

Plaintiffs ultimately terminated their relationship with defendant and retained third-party defendant "to investigate and, if appropriate, to prosecute [plaintiffs'] claim for legal malpractice against [defendant] and to provide such other services as may be requested". An action was brought against defendant for his failure to "timely pursue a default judgment against Bagel Busters, Inc. and Carl J. Barell", for failure to adequately defend against William Barell's motion for summary judgment, for failure to file a notice of appeal from the

order granting summary judgment to William Barell and breach of contract. Defendant interposed an answer.

Thereafter, defendant commenced a third-party action against third-party defendant seeking contribution based upon allegations that third-party defendant breached its obligation to plaintiffs to pursue available claims against Carl Barell and Bagel Busters and to then pursue relief from the grant of summary judgment to William Barell upon appeal from the final order. Third-party defendant moved pursuant to CPLR 3211 and 3212 for dismissal of defendant's third-party complaint. Defendant cross-moved for an order disqualifying third-party defendant as plaintiffs' counsel.

Supreme Court found that questions of fact exist about the scope of third-party defendant's representation of plaintiffs, i.e., whether third-party defendant was obliged to pursue actions against Carl Barell and Bagel Busters. Supreme Court concluded that it could not be determined whether defendant might be entitled to contribution from third-party defendant as to any malpractice recovery against him. Third-party defendant's motion for dismissal was granted in part, that is, as to any cause of action or portion thereof premised upon his representation of plaintiffs with respect to their claim against Barell, and was otherwise denied. Supreme Court also granted defendant's motion to disqualify third-party defendant as counsel for plaintiff.

We find that Supreme Court erred. Third-party defendant's motion for summary judgment was supported by a retainer agreement signed by plaintiffs and third-party defendant. It indicates that third-party defendant was retained to prosecute the malpractice action against defendant. The motion was also supported by the affirmation of a member of the firm that it had been engaged to represent plaintiffs in the malpractice action against defendant. Faced with the sworn allegation and documentary proof of retainer, it was incumbent upon defendant to offer proof to "show that [third-party defendant] had been engaged to pursue plaintiffs actions against Carl Barell and Bagel Busters, Inc." Having failed to raise a question of fact in opposition to the motion and absent such proof, Supreme Court erred in denying third-party defendant's motion to dismiss the third-party complaint (see, Sucese v Kirsch, 177 AD2d 890, 892).

We also find that the disqualification of third-party defendant as plaintiffs' counsel was error in that there is no reason to believe that third-party defendant will have occasion to

testify at the trial of plaintiffs' malpractice action against defendant.

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint and granted third-party plaintiff's cross motion to disqualify third-party defendant as plaintiffs' counsel; deny third-party plaintiff's cross motion, grant third-party defendant's motion and dismiss the third-party complaint; and, as so modified, affirmed.