■ James P. Johnson III et al., Plaintiffs, v Murray Berger, Defendant, and Neil R. Gerst et al., Defendants and Third-Party Plaintiffs-Appellants. Kenneth Murphy et al., Third-Party Defendants-Respondents. [598 NYS2d 270] —In an action to recover damages for legal malpractice, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated October 15, 1990, as granted the third-party defendants' respective motions for summary judgment dismissing the third-party complaint insofar as it is asserted against each of them.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs to the respondents appearing separately and filing separate briefs.

This litigation arises from allegations that legal malpractice was committed in connection with the probate and administration of the estate of Clara Johnson, who died on January 22, 1979. The decedent was survived by one child, the plaintiff James P. Johnson, who was a student at a private boarding school at the time of his mother's death. The decedent's will left her entire estate to her son, and nominated her attorney, the defendant Murray Berger, as executor and trustee. Shortly after the decedent's death, Berger retained the defendant law firm, Boxer, Gerst & Morse (hereinafter the Boxer firm), to probate the will and administer the estate's affairs. However, due to the alleged negligence of Berger and the Boxer firm, no probate petition was filed until June 1982. As a result of the defendants' neglect, the estate lost several assets, including the decedent's residence in North Amityville, which was sold to the County in a tax-forfeiture sale in February 1980. The County subsequently registered its title to the property on July 10, 1984, and in January 1985 the County Legislature enacted a resolution approving the sale of the premises to independent purchasers, who eventually recorded their deed in August 1986.

In the interim, in August 1985, Kenneth Murphy, who had taken the plaintiff into his home after his mother's death, retained the law firm of Koopersmith, Feigenbaum & Potruch (hereinafter the Koopersmith firm) for the purpose of salvaging the estate's remaining assets. On August 20, 1985, Murphy was appointed temporary administrator of the estate, and in January 1986 after the Koopersmith firm advised him that the decedent's premises had been irrevocably forfeited to the County, Murphy retained Gary Darche to commence a legal malpractice action against Berger and the Boxer firm. The Boxer firm subsequently commenced a third-party action against Murphy, Darche, and the Koopersmith firm, claiming that their failure to file a "hardship" application with the Suffolk County Legislature seeking redemption of the decedent's house had contributed to the damages the estate had allegedly sustained. The third-party defendants subsequently moved for summary judgment, and the Supreme Court granted their motions and dismissed the third-party complaint in its entirety.

Contrary to the Boxer firm's contention, we find that the Supreme Court properly dismissed the third-party complaint. Pursuant to a local law in effect in August 1985, Suffolk

County allowed for the redemption of property purchased by the County at tax forfeiture sales for a period of up to nine months from the date of the recording of the County's deed *(see,* Local Laws, 1976, No. 16 of County of Suffolk §§ 1, 2; Local Laws, 1981, No. 40 of County of Suffolk § 1). Thus, as the third-party defendants correctly asserted in seeking summary judgment, the statutory redemption period available to the estate expired on April 10, 1985, approximately four months before Murphy or the Koopersmith firm undertook the administration of the estate. Moreover, as attorneys, the Koopersmith firm and Darche exercised "reasonable skill, care, attention and prudence in representing the plaintiffs' interests" *(Ferlisi v Jackrel, Kopelman & Raskin,* 167 AD2d 502, 503, citing *Grago v Robertson,* 49 AD2d 645, 646). Although the Boxer firm argues that the third-party defendants should have attempted to recover the decedent's premises by applying to the Suffolk County Legislature, which in 1985 entertained applications for the redemption of property in its discretion *(see, Staller v County of Suffolk,* 139 AD2d 726), the decision to instead pursue the legal malpractice claim against Berger and the Boxer firm for their failure to preserve the estate's assets was a reasonable course of action *(see, Rosner v Paley,* 65 NY2d 736; *Ferlisi v Jackrel, Kopelman & Raskin, supra).* Moreover, the third-party defendant Darche was retained only for the limited purpose of representing the estate in the legal malpractice action *(see, Sucese v Kirsch,* 177 AD2d 890). Accordingly, we find that the third-party defendants did not contribute to or aggravate the plaintiffs' damages arising from the former attorneys' alleged legal malpractice, and that summary judgment dismissing the third-party complaint was properly granted. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.