■ SHELDON H. SOLOW et al., Respondents, v DOMESTIC STONE ERECTORS, INC., et al., Appellants. [645 NYS2d 17] —Order, Supreme Court, New York County (Emily Goodman, J.), entered February 15, 1995, which denied defendants' motion to dismiss the complaint for failure to state a cause of action and as barred by the Statute of Limitations, unanimously affirmed, with costs.

Defendants mischaracterize the action as one to set aside fraudulent conveyances for damages based on common-law fraud. The complaint clearly indicates that plaintiff seeks to enforce a judgment it obtained against the first-named

corporate defendant against the other two corporate defendants and the individual defendant on the theory that the individual used his domination and control over all three corporations to transfer assets of the debtor corporation to the other two corporations so as to make the firm incapable of honoring its· obligation to plaintiff. These allegations are sufficient to warrant treating all four defendants as a single personality for purposes of enforcement of plaintiff's judgment (*see, Chase Manhattan Bank v 264 Water St. Assocs.,* 174 AD2d 504). The references to fraud in the complaint do not purport to be separate causes of action for common-law fraud but are elements of plaintiff's claim to pierce the corporate veil (*see, Matter of Holborn Oil Trading [Interpetrol Bermuda],* 774 F Supp 840, 841, 847). As the action is one to enforce a judgment against defendants who, if plaintiff prevails on the piercing question, will be treated as a single personality, it is governed by the 20-year Statute of Limitations of CPLR 211 (b) with respect to all of the defendants, and was timely commenced (*see, Passalacqua Bldrs. v Resnick Developers S.,* 933 F2d 131, 142-143). We have considered defendants' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.