■ YOSHEF HAROSH, Also Known as JOSEPH HAROSH, Appellant, v EILEEN C. DIAZ et al., Defendants, and PUBLIC SERVICE

MUTUAL INSURANCE COMPANY, Respondent. [678 NYS2d 362] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated August 25, 1997, which denied his motion to renew a prior motion pursuant to Workers' Compensation Law § 29 (5) for judicial approval of a previously agreed-to compromise and settlement of the instant action.

Ordered that the order is affirmed, with costs.

On March 19, 1993, the plaintiff suffered serious injuries when he was struck by the defendants' vehicle while standing at the rear of his disabled vehicle. He brought an action against the defendants to recover for his injuries, and on March 25, 1994, he settled this action for $10,000.

The plaintiff subsequently filed a claim for Workers' Compensation benefits in connection with the accident. Although he was examined on behalf of the additional party-respondent, Public Service Mutual Insurance Company (hereinafter PSM), in January 1995 in connection with his claim, it was not until February 1996 that the plaintiff moved, pursuant to Workers' Compensation Law § 29 (5), for approval of the aforementioned settlement. In June 1996, the court denied the motion without prejudice to renew, and by order to show cause dated May 28, 1997, the plaintiff moved for renewal of that motion. Upon renewal, the court denied the application as untimely. We affirm.

Workers' Compensation Law § 29 (5) provides that an employee entitled to receive compensation benefits may compromise his or her causes of action for less than the statutory amount of compensation only with the written approval of, *inter alia*, the appropriate insurance carrier, or by an order of approval from a Justice of the court in which the action was pending (*see, Baiano v Squires,* 113 AD2d 732, 733). If the action is on trial when the settlement offer is made, the court may mark the action settled subject to the securing of written approval or a judicial order, and such written approval or judicial order must be obtained within three months of the proposed settlement (*see,* Workers' Compensation Law § 29 [5]).

"This court has permitted judicial approval of a previously agreed-to compromise and settlement, beyond the three-month period described in Workers' Compensation Law § 29 (5), when the petitioner can establish that the settlement is reasonable, that the delay in applying for an order of approval was not caused by petitioner's neglect or fault, and that the workers' compensation carrier was not prejudiced by the delay" (*Baiano v Squires, supra,* at 734; *see, Balkam v Miesemer,* 74 AD2d

629; *Matter of Wilbur v Utica Mut. Co.,* 228 AD2d 928, 929). As applied to the instant case, the Supreme Court properly denied the plaintiff's motion as the plaintiff failed to furnish a reasonable excuse for his delay in obtaining approval of the settlement (*see, Baiano v Squires, supra; Matter of Wilbur v Utica Mut. Co., supra*). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.