■ In the Matter of LORETTA CONSOLAZIO, Respondent-Appellant. MERCHANTS MUTUAL INSURANCE COMPANY, Appellant-Respondent. [709 NYS2d 191] —In a proceeding pursuant to Workers' Compensation Law § 29 (5) to obtain judicial approval of a compromise and settlement nunc pro tunc, (1) Merchants Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), entered April 29, 1999, as directed that it continue to pay benefits to the petitioner, and (2) the petitioner cross-appeals, as limited by her brief, from so much of the same order as denied her petition.

Ordered that the order is modified, on the law, by deleting the provision that directs the appellant to continue to pay workers' compensation benefits to the petitioner; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the appellant-respondent.

On September 23, 1994, the petitioner suffered injuries when she was involved in an automobile accident while en route to receive medical treatment for a work-related injury that she had sustained. At the time, the petitioner was receiving workers' compensation benefits from Merchants Mutual Insurance Company (hereinafter Merchants Mutual).

After agreeing to binding arbitration in settlement of her automobile accident claim, the petitioner was awarded the sum of $37,500 by the arbitrator on December 8, 1995. On August 3, 1998, Merchants Mutual refused to consent to the settlement, and four months later, on December 2, 1998, the petitioner moved, pursuant to Workers' Compensation Law § 29 (5), for approval of the settlement. The Supreme Court denied her application, upon finding that the motor vehicle accident was not related to her work-related injury. The Supreme Court further directed that Merchants Mutual continue to pay workers' compensation benefits to the petitioner.

Contrary to the determination of the Supreme Court, the petitioner's accident, which occurred while she was en route to receive medical treatment for a work-related injury for which she was receiving workers' compensation benefits, is itself work-related (see, Matter of Font v New York City Bd. of Educ., 170 AD2d 928). Therefore, the petitioner was required to seek and obtain approval of the settlement pursuant to Workers' Compensation Law § 29 (5).

Workers' Compensation Law § 29 (5) provides that an employee entitled to receive workers' compensation benefits may compromise his or her causes of action for less than the statutory amount of compensation only with the written approval

of, among others, the appropriate insurance carrier, or by an order of approval from a Justice of the court in which the action is pending. If the action is on trial when the settlement offer is made, the court may mark the action settled subject to the securing of written approval or a judicial order, and such written approval or judicial order must be obtained within three months of the proposed settlement (*see, Harosh v Diaz,* 253 AD2d 850; *Baiano v Squires,* 113 AD2d 732, 733; Workers' Compensation Law § 29 [5]).

" 'This court has permitted judicial approval of a previously agreed-to compromise and settlement, beyond the three-month period described in Workers' Compensation Law § 29 (5), when the petitioner can establish that the settlement is reasonable, that the delay in applying for an order of approval was not caused by petitioner's neglect or fault, and that the workers' compensation carrier was not prejudiced by the delay' " (*Harosh v Diaz, supra,* at 851, quoting *Baiano v Squires, supra,* at 734). Since the petitioner failed to furnish a reasonable excuse for her delay in obtaining approval of the settlement (*see, Harosh v Diaz, supra; Baiano v Squires, supra*), the direction by the Supreme Court that Merchants Mutual continue to pay workers' compensation benefits to her was improper. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.