◼ FRANCES NORTHROP, Respondent, v ERIC OLE THORSEN, Appellant. [848 NYS2d 304]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Liebowitz, J.), dated January 2, 2007, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by adding a provision thereto searching the record and awarding the plaintiff summary judgment on the issue of liability; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant represented the plaintiff in an action to recover damages for personal injuries she allegedly sustained in a work-related accident. As a result of her accident, the plaintiff was entitled to workers' compensation benefits. The defendant, however, settled the personal injury action through binding arbitration without first obtaining the consent of the plaintiff's workers' compensation carrier, PRM Claim Services, Inc. (hereinafter PRM), or a court-issued compromise order, as required by Workers' Compensation Law § 29 (5).

Subsequently, a representative of PRM advised the defendant by letter that he had improperly ignored PRM's lien in settling the personal injury action without PRM's permission, even though PRM had sent the defendant several notices of the lien. After receiving a copy of PRM's letter to the defendant, the

plaintiff became concerned about losing her workers' compensation benefits and, after several unsuccessful attempts to contact the defendant by telephone, the plaintiff sent a letter to the defendant, expressing confusion over the position being taken by PRM, and seeking the defendant's guidance as to "how I stand in all of this." In a responsive letter, the defendant advised the plaintiff that "I do not represent you in connection with the PRM claim; rather, that will be handled through your Worker's [*sic*] Compensation attorney."

Thereafter, an attorney representing the plaintiff before the Workers' Compensation Board (hereinafter the workers' compensation attorney) advised the defendant, by letter, that, because the defendant had agreed to binding arbitration in the tort litigation without first obtaining PRM's consent, the plaintiff would be "precluded from any future benefits." The letter further stated that "you can make an application under § 29 of the Workers' Compensation Law to the court for nunc pro tunc consent," and recommended that the defendant do so as soon as possible to avoid a potential claim of laches. In addition, the workers' compensation attorney offered to have his own firm "act in an 'of counsel' capacity to [the defendant] in dealing with these issues." In a letter to the workers' compensation attorney dated 17 days later, the defendant stated, inter alia, that he was actively engaged in a trial and would remain so engaged until sometime the following week, and that "[i]n the interim, I would appreciate your doing whatever work is necessary to begin the process of moving the Supreme Court for a nunc pro tunc order approving the agreement to arbitrate." No application for nunc pro tunc judicial approval of the settlement was ever made, and the plaintiff's workers' compensation benefits, which included weekly workers' compensation payments, as well as her medical coverage, were terminated.

The plaintiff subsequently commenced this action against the defendant to recover damages for legal malpractice, alleging that her workers' compensation benefits were terminated as a result of his negligence. After the plaintiff failed to respond to his demand for expert witness disclosure, the defendant moved to preclude the plaintiff from offering expert testimony at trial, and for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, while granting that branch of the defendant's motion which was to preclude the plaintiff from offering expert testimony, denied that branch of the motion which was for summary judgment dismissing the complaint. The defendant appeals from so much of the order as denied that branch of his motion which was for summary judgment.

In an action to recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). To establish causation, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). Expert testimony is normally needed to establish that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, "unless the ordinary experience of the fact-finder provides sufficient basis for judging the adequacy of the professional service, *or the attorney's conduct falls below any standard of due care*" (*Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666 [1993] [emphasis added; citation omitted]).

The defendant contends that he is entitled to summary judgment dismissing the complaint, since the plaintiff, having been precluded from offering expert testimony, will be unable to establish that he failed to exercise the ordinary reasonable skill and knowledge commonly possessed by an attorney. Under the circumstances of this case, however, the plaintiff need not produce expert testimony to establish that the defendant failed to exercise the requisite level of skill and knowledge. The defendant's liability is premised upon his failure to comply with the rule, set forth in Workers' Compensation Law § 29 (5), that requires either the carrier's consent or judicial approval to settle a third-party action and continue receiving compensation benefits (*see Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703, 707 [1997]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 19 [1994]; *Matter of Snyder v CNA Ins. Cos.*, 306 AD2d 677, 678 [2003]; *Hargrove v Becom Real*, 287 AD2d 598 [2001]; *Matter of Consolazio [Merchants Mut. Ins. Co.]*, 272 AD2d 614 [2000]). As a matter of law, the defendant's disregard or ignorance of such a clearly defined and firmly established rule, including his failure to take appropriate action when the rule was called to his attention, fell below any permissible standard of due care (*see Deitz v Kelleher & Flink*, 232 AD2d 943, 945 [1996]; *Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511 [1990]; *cf. Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666 [1993]).

Furthermore, the record demonstrates that, but for the

defendant's failure to obtain PRM's consent to the settlement or a court-issued compromise order, the plaintiff's workers' compensation benefits would not have been terminated. Thus, the defendant's negligence was a proximate cause of the plaintiff's damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442; *Barnett v Schwartz,* 47 AD3d 197 [2007]; *Deitz v Kelleher & Flink,* 232 AD2d at 945).

In support of his affirmative defense that the plaintiff failed to mitigate her damages, the defendant contends that the plaintiff herself could have avoided termination of her workers' compensation benefits by making an application for nunc pro tunc judicial approval of the settlement. The defendant, however, "may not shift to the client the legal responsibility [he] was specifically hired to undertake because of [his] superior knowledge" (*Hart v Carro, Spanbock, Kaster & Cuiffo,* 211 AD2d 617, 619 [1995]; *see Cicorelli v Capobianco,* 90 AD2d 524 [1982], *affd* 59 NY2d 626 [1983]). To the extent that the defendant argues that such an application should have been made through the workers' compensation attorney or through the plaintiff's present counsel, his argument is unavailing. This case is distinguishable from cases in which successor counsel continues the representation of the plaintiff in the same proceeding (*see Schauer v Joyce,* 54 NY2d 1 [1981]; *Hoyte v Epstein,* 12 AD3d 487 [2004]). Here, the plaintiff retained the workers' compensation attorney, not to continue the prosecution of the personal injury action, but rather to represent her in a separate matter, before a separate tribunal, and for a different purpose (*see Sucese v Kirsch,* 177 AD2d 890, 892 [1991]), and she retained her present counsel for the limited purpose of representing her in this legal malpractice action (*see Johnson v Berger,* 193 AD2d 784, 786 [1993]). An application for nunc pro tunc approval of a settlement is directed to the court in which the tort action was settled (*see* Workers' Compensation Law § 29 [5]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council,* 84 NY2d at 19; *Matter of Consolazio [Merchants Mut. Ins. Co.],* 272 AD2d at 614-615), and it was in that action, and before that court, that the defendant represented the plaintiff. Thus, any duty to the plaintiff to apply for nunc pro tunc approval of the settlement was owed by the defendant, not by the workers' compensation attorney or the plaintiff's present counsel (*see Sucese v Kirsch,* 177 AD2d at 892).

Accordingly, the attempt to persuade the defendant to correct his own error constituted a reasonable effort on the plaintiff's part to mitigate her damages. Despite being made aware of his

failure to comply with Workers' Compensation Law § 29 (5) and the consequences thereof, and receiving guidance regarding possible corrective action, the defendant declined the opportunity to attempt to rectify his error. This inaction cannot be attributed to any culpable conduct on the plaintiff's part. Rather, it was part of the defendant's malpractice (cf. *Shapiro v Butler*, 273 AD2d 657, 658 [2000]).

Thus, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. Furthermore, for the foregoing reasons, we find that there are no triable issues of fact with respect to the defendant's liability for legal malpractice. Accordingly, upon searching the record (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-112 [1984]), we award summary judgment to the plaintiff on the issue of liability.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Prudenti, P.J., Fisher, Dillon and Carni, JJ., concur.