— In an action to recover damages for legal malpractice, (1) the defendants Jacobs & Jacobs and Michael A. Jacobs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated October 30, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants Markovits & Markovits and Robert L. Markovits separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with one bill of costs.
Patricia J. Purgess retained the defendants to represent her in an underlying medical malpractice action, which she commenced on November 4, 1993. In an order dated March 20, 1996, the Supreme Court, Orange County, dismissed that action pursuant to CPLR 3404. The defendants neither moved to vacate that order nor perfected an appeal therefrom. Nearly 11 years thereafter, Purgess moved to vacate the aforementioned order of dismissal. In an order dated April 24, 2007 the Supreme Court denied her motion as barred by the doctrine of laches. In a companion appeal, this Court is affirming the order dated April 24, 2007 (see Rosenstrauss v Women’s Imaging Ctr. of Orange County, 56 AD3d 454 [2008] [decided herewith]).
“In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney ‘failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession’ and that the attorney’s breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; see Northrop v Thorsen, 46 AD3d 780, 782 [2007]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolfo Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442). “An attorney has the responsibility to ‘investigate and prepare every phase’ of his [or her] client’s case” (Parksville Mobile Modular o Fabricant, 73 AD2d 595, 598 [1979], quoting Giaramita v Flow Master Mach. Corp., 234 NYS2d 817, 818 [1962]).
In support of their separate motions, the defendants failed to
*454 make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The defendants’ contention that they cannot be held liable because the underlying medical malpractice action is still viable is without merit, as that action has been dismissed. Moreover, the argument of the defendants Markovits & Markovits and Robert L. Markovits (hereinafter together the Markovits defendants) that they cannot be liable because they merely referred Purgess to the other defendants is belied by the retainer agreement in which the Markovits defendants agreed to share any contingency fee in the medical malpractice action. Accordingly, the Supreme Court properly denied the defendants’ separate motions for summary judgment dismissing the complaint. Rivera, J.P, Florio and Chambers, JJ., concur. Lifson, J., separately concurs on constraint of the decision on the companion appeal upholding the dismissal of the underlying medical malpractice action (see Rosenstrauss v Women’s Imaging Ctr. of Orange County, 56 AD3d 454 [2008] [decided herewith]).