KELLY GUZZELLO, Plaintiff, v STEINBERG, FINNEO, BERGER, BARONE & FISCHOFF, P.C., et al., Respondents, and MICHAEL A. MONTESANO, P.C., et al., Appellants, et al., Defendant. [892 NYS2d 423]—

The defendants Heath S. Berger and Steinberg, Finneo, Berger, Barone & Fischoff, P.C. (hereinafter the Berger firm), failed to establish their prima facie entitlement to summary judgment dismissing the appellants' cross claims insofar as asserted against them (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although Berger and the Berger firm established that the action insofar as asserted against them was time-barred, the appellants are not precluded from asserting the cross claims against Berger and the Berger firm (*cf. Sommer*

*v Federal Signal Corp.,* 79 NY2d 540, 558 [1992]; *Hill v Metro-politan Suburban Bus Auth.,* 157 AD2d 93, 100 [1990]). More-over, the Supreme Court improperly considered the argument of Berger and the Berger firm that they were entitled to summary judgment dismissing the appellants' cross claims insofar as as-serted against them on the ground that the appellants, as suc-cessor counsel, had the opportunity to protect the plaintiff's rights. That argument was raised for the first time in the reply papers of Berger and the Berger firm (*cf. Matter of Harleysville Ins. Co. v Rosario,* 17 AD3d 677, 677-678 [2005]). In any event, since, under the circumstances, the appellants cannot be considered successor counsel (*cf. Northrop v Thorsen,* 46 AD3d 780, 783 [2007]; *Johnson v Berger,* 193 AD2d 784, 786 [1993]; *Sucese v Kirsch,* 177 AD2d 890, 892 [1991]), that argument is without merit. Accordingly, the court should have denied that branch of the motion of Berger and the Berger firm which was for summary judgment dismissing the appellants' cross claims insofar as asserted against them. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.