OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that this motion (No. 001) by the plaintiff for a preliminary injunction restraining the Morrison defendants from accessing and depleting $950,921.90 of their recent lottery winnings, is considered under CPLR article 63 and is denied; and it is further ordered that the temporary restraining order set forth in the January 6, 2010 order to show cause (Rebolini, J.) pursuant to which the disputed funds were placed in escrow, shall remain in effect for 15 days from the date of this order; and it is further ordered that the cross motion (No. 002) by the defendants for dismissal of the plaintiffs amended complaint and for the imposition of sanctions against the plaintiff is considered under CPLR 3211 (a) (5) and 22 NYCRR subpart 130-1 and is denied.
The plaintiff commenced this action to enforce a judgment in the amount of $809,417.91 against defendants Morrison and Love’M, Inc. which the plaintiff secured against defendant, Love’M Sheltering, Inc. (hereinafter Sheltering) in January of 2008. This judgment was awarded upon the plaintiffs successful prosecution of its claim to recover overpayments made to Sheltering under a 1999 contract by which Sheltering agreed to provide emergency housing and other services to indigent residents of Suffolk County. This claim was interposed as a *1129 counterclaim in a hybrid CPLR article 78/declaratory judgment action commenced by Sheltering against the plaintiff in 2004 and was predicated upon the terms of the 1999 contract between the parties and a June 8, 2004 audit of Sheltering’s fiscal operations from January 1, 2000 through December 31, 2000 by the Suffolk County Comptroller. Sheltering’s challenges to the validity of the audit and the amount of overpayments to which the plaintiff claimed an entitlement were rejected by the trial court in an order dated April 7, 2005 (see index No. 14978/ 2004). The order of the trial court was affirmed by the Appellate Division, Second Department on October 24, 2006 (see Matter of Love'M Sheltering, Inc. v County of Suffolk, 33 AD3d 923 [2d Dept 2006]).
In 2005 the plaintiff declined to renew its contract with Sheltering, a not-for-profit corporation which rented operating space from defendant Love’M, Inc., a related not-for-profit corporation. Both Sheltering and Love’M, Inc. were formed, operated and/or controlled by the Morrison defendants. After the cancellation of its contract with the plaintiff, Sheltering ceased its operations in Suffolk County.
Subsequent to the entry of the plaintiffs January 28, 2008 judgment against Sheltering, the plaintiff issued an execution thereon. However, the execution was returned unsatisfied by the Sheriff, as no assets of Sheltering against which a levy could be made were found.
On December 22, 2009 the Morrison defendants won the Mega Millions lottery jackpot which yielded them a net payout of some $65,000,000. On January 6, 2010, which was one day prior to the Morrisons’ scheduled collection of their jackpot winnings, the plaintiff commenced this action against the Morrisons, the two not-for-profit corporations described above and the New York State Lottery Commission. The plaintiff also moved, by presentation of an order to show cause, for a temporary restraining order and preliminary injunction enjoining the Morrisons’ depletion of so much of their lottery winnings as equaled the plaintiff’s unsatisfied money judgment against defendant Sheltering. At the proceedings conducted upon presentation of the order to show cause, the parties agreed that counsel for the Morrisons would hold, in an interest-bearing escrow account, monies in the amount of $950,921.90 pending determination of the plaintiffs motion for a preliminary injunction. The agreement was incorporated into the terms of the January 6, 2010 order to show cause and it rendered the plaintiffs demands for *1130 a temporary restraining order academic. The agreement likewise rendered academic the plaintiffs pleaded claims for injunctive relief against the New York State Lottery Commission. Shortly thereafter, the plaintiff served an amended verified complaint which deleted all of its prior claims for injunctive relief against the defendants and dropped the New York State Lottery Commission as a party defendant to this action.
The amended complaint served by the plaintiff asserts three causes of action in which the plaintiff demands that the January 28, 2008 judgment it obtained against Sheltering be enforced against defendants Love’M, Inc., Richard Morrison and Mary Morrison. These claims are predicated upon allegations that the court should pierce or disregard the corporate veil of Sheltering for purposes of the plaintiffs judgment and charge the Morrisons and Love’M, Inc. with liability therefor due to the domination and control over Sheltering and the other actionable excesses in which the Morrisons, individually or through Love’M, Inc., purportedly engaged. In response, and in lieu of answering the plaintiffs amended complaint, the defendants interposed their cross motion for dismissal of the plaintiff’s complaint and for the imposition of monetary sanctions by reason of the plaintiff’s engagement in purportedly frivolous conduct within the contemplation of 22 NYCRR subpart 130-1.
The court first considers the defendants’ cross motion, as its determination thereof may render the plaintiffs motion-in-chief and this action moot. The defendants’ demand for dismissal of the plaintiffs amended complaint is singularly premised upon allegations that the claims of the plaintiff are barred by applicable statutes of limitations which warrant the dismissal of such complaint pursuant to CPLR 3211 (a) (5). In support of their position, the defendants rely upon the six-year period of limitations applicable to breach of contract claims set forth in CPLR 213 (2) and the two-year discovery period of limitations applicable to fraud claims set forth in CPLR 213 (8), both of which expired, according to the defendants, not later than December 31, 2006.
The court finds, however, that the defendants’ reliance upon the provisions of CPLR 213 is misplaced and it thus rejects the defendants’ demands for dismissal of the plaintiff’s complaint as time-barred pursuant to CPLR 3211 (a) (5). Actions for enforcement of a judgment against those charged with control and domination of a corporate judgment debtor under corporate veil piercing theories are governed by the 20-year *1131 statute of limitations set forth in CPLR 211 (b) that runs from the docketing of the judgment (see CPLR 211 [b]; Commissioners of State Ins. Fund v Ramos, 38 AD3d 445 [1st Dept 2007]; Solow v Domestic Stone Erectors, 229 AD2d 312 [1st Dept 1996]).
Here, the plaintiffs claims for enforcement of its judgment against the Morrisons and Love’M, Inc. are grounded in theories of piercing the corporate veil of Sheltering as they rest upon allegations that the Morrisons, individually and through Love’M, Inc., dominated and controlled Sheltering to such an extent that it was the mere alter ego of the Morrisons, had no separate will of its own, was forced to use its own assets not in aid of its own business, but in aid of the personal interests of the Morrisons, and was employed to perpetrate a wrong or injustice against the plaintiff (see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141 [2d Dept 2009]). In determining whether to pierce the corporate veil, the factors to be considered by a court include failure to adhere to corporate formalities, inadequate capitalization, comingling of assets and use of corporate funds for personal use (see Superior Transcribing Serv., LLC v Paul, 72 AD3d 675 [2d Dept 2010]; Millennium Constr., LLC v Loupolover, 44 AD3d 1016 [2d Dept 2007]). The instant action is thus one to enforce the plaintiffs judgment against Love’M, Inc. and the Morrison defendants. Since this action was commenced well within 20 years of the docketing of the January 28, 2008 judgment, those portions of the defendants’ motion for dismissal of the amended complaint pursuant to CPLR 3211 (a) (5) are denied.*
Also denied are the defendants’ demands for an order imposing monetary sanctions against the plaintiff. The court finds that the conduct about which the defendants complain, namely, the plaintiffs commencement of this action and its continued prosecution of its demands for preliminary injunctive relief, do not constitute frivolous conduct within the contemplation of 22 *1132 NYCRR 130-1.1 (a). The mere commencement of an action and a demand for relief by way of order during the pendency of such action will not generally be considered frivolous where the party charged raises a genuine legal issue and there is no pattern of a series of unsuccessful applications for the same relief (see Ofman v Campos, 12 AD3d 581 [2d Dept 2004]; Stow v Stow, 262 AD2d 550 [2d Dept 1999]). Here, the plaintiffs claims are not without a basis in law or fact and thus give rise to genuine legal disputes. The defendants’ unsubstantiated and conclusory claims that by commencement of this action, the plaintiff intended to harass and/or intimidate the defendants into satisfying the judgment against Sheltering are rejected as unmeritorious.
Left for consideration is the plaintiffs motion for preliminary injunctive relief. For the reasons set forth below, this motion is denied.
It is well established that to prevail on a motion for preliminary injunctive relief, the movant must clearly demonstrate a likelihood of success on the merits, the prospect of irreparable harm or injury if the relief is withheld and that a balance of the equities favors the movant’s position (see Matter of Wheaton/ TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051 [2d Dept 2009]; Pearlgreen Corp. v Yau Chi Chu, 8 AD3d 460 [2d Dept 2004]). The decision to grant a preliminary injunction is committed to the sound discretion of the court (see Tatum v Newell Funding, LLC, 63 AD3d 911 [2d Dept 2009]; Bergen-Fine v Oil Heat Inst., 280 AD2d 504 [2d Dept 2001]), as the remedy is considered to be a drastic one (see Doe v Axelrod, 73 NY2d 748 [1988]). Consequently, a clear legal right to relief which is plain from undisputed facts must be established (see Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051 [2009], supra; Gagnon Bus Co., Inc. v Vallo Transp., Ltd., 13 AD3d 334 [2d Dept 2004]; Blueberries Gourmet v Aris Realty Corp., 255 AD2d 348 [2d Dept 1998]).
Article 63 of the CPLR governs the issuance of preliminary injunctions and temporary restraining orders. Pursuant to CPLR 6301, a preliminary injunction may be granted in an action for permanent injunctive relief to restrain the defendant, during the pendency of said action, from doing that which the plaintiff seeks to enjoin permanently, by the final judgment. In addition, a preliminary injunction may be granted in any action where it appears that a defendant threatens, or is about to do, or is doing, or procuring to be done, an act in violation of the *1133 plaintiffs rights, respecting the subject of the action, which is likely to render the judgment ineffective. To constitute the “subject of the action” within the contemplation of CPLR 6301, the property or assets for which restraint is sought must be unique or sufficiently specific and the very object of the claim giving rise to the demand for preliminary injunctive relief (see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541 [2000]; Coby Group, LLC v Hasenfeld, 46 AD3d 593 [2d Dept 2007]).
A preliminary injunction is thus not a proper remedy where it appears that the movant can be fully recompensed by an award of money damages or by some other adequate remedy at law (see Mar v Liquid Mgt. Partners, LLC, 62 AD3d 762 [2d Dept 2009]; Dana Distribs., Inc. v Crown Imports, LLC, 48 AD3d 613 [2d Dept 2008]). Nor is a preliminary injunction appropriate to preserve assets as security for a potential monetary judgment even if the evidence shows that a party intends to frustrate any judgment by making it uncollectible (see Fatima v Twenty Seven-Twenty Four Realty Corp., 65 AD3d 1079 [2d Dept 2009]). These legal maxims are deeply rooted in traditional notions of due process which prohibit a claimant from exerting control over an adverse party’s assets until the claimant has succeeded in procuring a judgment on his or her claims against that party (see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541 [2000], supra).
Here, the plaintiff seeks preliminary injunctive relief against the Morrison defendants under the “subject matter of the action” provisions of CPLR 6301, as no demand for permanent injunctive relief is contained in the plaintiff’s amended complaint. However, it is apparent to this court that the portion of the Morrisons’ lottery winnings which the plaintiff seeks to restrain during the pendency of this action does not constitute the “subject of the action” within the meaning of CPLR 6301.
Assets such as a negotiable instruments, securities or monies in a specified fund in which the plaintiff claims a security interest or other preexisting interest that are the center of a legal action will generally qualify as “the subject of the action” within the purview of CPLR 6301 (see 12A Carmody-Wait 2d § 78:64). However, fungible assets, such as monies which are the object of a demand for a money judgment, lack the requisite specificity or uniqueness necessary to qualify as “the subject of the action” within the purview of CPLR 6301 (see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541 [2000], supra).
*1134 In this case, the plaintiff seeks to hold the Love’M, Inc. and Morrison defendants liable for payment of the money judgment the plaintiff obtained against Sheltering. These claims are dependent upon the successful prosecution of the plaintiff’s demands that this court pierce the corporate veil of Sheltering because one or more of the Morrison defendants disregarded Sheltering’s corporate form to such an extent that they abused it and are thus not entitled to the benefits that incorporation is intended to provide (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122 [2d Dept 2009]). Should the plaintiff prevail on these claims against the Morrisons and Love’M, Inc., the court may treat all four defendants as a single personality for purposes of enforcing the plaintiffs judgment (see Solow v Domestic Stone Erectors, 229 AD2d 312 [1996], supra). Since the plaintiff has not yet obtained a judgment against the Morrisons on these claims, the plaintiff is not a secured creditor or a party with preexisting claims in the targeted lottery winnings of the Morrison defendants (see Dinner Club Corp. v Hamlet on Olde Oyster Bay Homeowners Assn., Inc., 21 AD3d 777 [1st Dept 2005]; 39 Coll. Point Corp. v Transpac Capital Corp., 12 AD3d 664 [2d Dept 2004]; cf. Winchester Global Trust Co. Ltd. v Donovan, 58 AD3d 833 [2d Dept 2009]).
In view of the foregoing, the plaintiffs motion for a preliminary injunction restraining and enjoining the Morrison defendants from “depleting” so much of their lottery winnings as equals the amount of the plaintiff’s money judgment against Sheltering is denied. However, the plaintiff is not without a possible remedy. An order of attachment may be appropriate (see CPLR 6201; Fatima v Twenty Seven-Twenty Four Realty Corp., 65 AD3d 1079 [2009], supra). The litigation history set forth above reflects a potential claim of fraud or injustice (see Ventresca Realty Corp. v Houlihan, 28 AD3d 537 [2d Dept 2006]). Therefore, the court continues the temporary stay requiring such funds to be held in escrow by the defendants’ counsel for 15 days from the date of this order to afford the plaintiff the opportunity to apply for an order of attachment, should it be so advised (see Antorino v Birk, 59 AD2d 931 [2d Dept 1977]).

 The court declines to address the defendants’ claims that the plaintiffs amended complaint fails to state legally sufficient claims sounding in piercing the corporate veil and the other claims the defendants characterize as asserted by the plaintiff, as all of the defendants’ challenges to the legal sufficiency of the plaintiffs claims were asserted for the first time in the defendants’ reply papers to their cross motion (see Guzzello v Steinberg, Finneo, Berger, Barone & Fischoff, P.C., 68 AD3d 926 [2d Dept 2009]; 47 Thames Realty, LLC v Robinson, 61 AD3d 923 [2d Dept 2009]). Under these circumstances, the court will not permit the defendants to enlarge their demands for relief to include grounds not asserted in their cross-moving papers.